597 P.2d 177

**STATE of Arizona, Appellee,**

v.

**Christopher Echols KELLY, Appellant.**

No. 4538.

Supreme Court of Arizona,
En Banc.

May 29, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., by Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Richard T. Aubuchon, Phoenix, for appellant.

HAYS, Justice.

Christopher Echols Kelly appeals his judgment of conviction of three counts of robbery and one count of possession of a stolen motor vehicle. He was found to have a prior felony conviction. He was sentenced to 10 to 20 years on each of the robbery counts and 4 to 5 years on the possession count, all sentences to run concurrently. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5). We affirm.

Kelly raises the following issues on appeal:

1. That he was denied a speedy trial in violation of 17 A.R.S. Rules of Criminal Procedure, rule 8;

2. That the trial court may not amend the crime charged in an indictment to a lesser included offense;

3. That a prior conviction must be alleged at least 20 days before the original date set for trial;

4. That a one-on-one identification of Kelly by the robbery victim was unduly suggestive; and

5. That Kelly was denied effective assistance of counsel.

RULE 8 VIOLATION

On the last day for trial, pursuant to the rule-8 time limits, Kelly's attorney moved under 17 A.R.S. Rules of Criminal Procedure, rule 11, for a mental examination of the defendant. The attorney alleged that an examination was necessary and that Kelly had previously received treatment at a local hospital. The court granted the motion, thus extending the time for trial. Kelly claims that such extension was improper, alleging that his attorney filed the motion because he was unprepared for trial, that the motion was filed contrary to Kelly's express wishes, and that the court abused its discretion by granting the motion on the grounds alleged therein. We disagree.

We note at the outset, that any delay occasioned by or on behalf of the defendant, including a delay resulting from a medical examination, is excluded time under 17 A.R.S. Rules of Criminal Procedure, rule 8.4. We also recognize that, normally, a delay sought on behalf of the defendant by his counsel will be binding on the defendant and have the effect of waiving the defendant's right to a speedy trial even though done without the knowledge or consent of the defendant. *State v. Adair*, 106 Ariz. 58, 470 P.2d 671 (1970); *State v. Killian*, 118 Ariz. 408, 577 P.2d 259 (App. 1978).

One possible exception to that general proposition occurs if counsel's action prejudices the defendant to such an extent that he is denied a fair trial. Here, Kelly alleges such prejudice claiming that possible alibi witnesses were not located because of the delay. We are not persuaded. Kelly made no showing that these witnesses ever existed nor that the delay in question hindered their discovery. We find the court acted properly in granting the motion.

■ Finally, Kelly claims that his attorney filed the motion because he was not prepared for trial. We will not consider this assertion in an attack on the validity of a rule-11 motion. If relevant at all, this contention more properly should be considered in determining the effectiveness of counsel. We conclude that the period of delay caused by the rule-11 examination was properly excluded and that Kelly was not denied his right to a speedy trial.

### AMENDMENT OF INDICTMENT

Kelly was initially charged by indictment with, *inter alia*, three counts of armed robbery. Prior to trial the state moved to amend the indictment to charge robbery. Over Kelly's objection the court allowed the amendment. Kelly alleges error.

■■ Under 17 A.R.S. Rules of Criminal Procedure, rule 13.5(b), the court has authority to amend an indictment "only to correct mistakes of fact or remedy formal or technical defects." In *State v. Fogel*, 16 Ariz.App. 246, 492 P.2d 742 (1972), our Court of Appeals held that an indictment may not be amended by the court to charge *new and different matters of substance* without the concurrence of the grand jury. Similarly, we stated in *State v. Williams*, 108 Ariz. 382, 499 P.2d 97 (1972), that an information may not be amended to charge a different crime. Applying the rule established by the above authority, we hold that the trial court, without the consent of the defendant, may not amend an indictment for armed robbery to robbery since such a change is not a correction of a factual, formal or technical defect, but a change in substance. However, since robbery is a lesser included offense of armed robbery, *Mullreed v. Kropp*, 425 F.2d 1095 (6th Cir. 1970); *Coleman v. State*, 264 Ind. 64, 339 N.E.2d 51 (1975), and since the court could have instructed on the lesser included offense of robbery and given the jury a form of verdict for robbery even though the indictment charged armed robbery, *Mullreed v. Kropp, supra*, we conclude that the pretrial amendment of the indictment from armed robbery to robbery, although error,

was not so prejudicial as to deprive the defendant of a fair trial.

### ALLEGATION OF PRIOR CONVICTION

■ Twenty days prior to the day Kelly's trial actually started, but less than twenty days prior to the initial date set for trial, the state successfully moved to amend the indictment to include an allegation of a prior conviction. Kelly claims error relying on 17 A.R.S. Rules of Criminal Procedure, rule 16.1(b). Rule 16.1(b) requires that "[a]ll motions shall be made no later than 20 days prior to the date set for trial." Kelly argues that "20 days prior to the date set for trial" means that any pretrial motion must be made 20 days before the original trial date, not 20 days before the trial actually begins. We need not meet that issue at this time however, since we have previously held that, pursuant to A.R.S. § 13–1649(C) (now renumbered as A.R.S. § 13–604(K)), the trial court may, in its discretion, grant a motion to amend to allege a prior conviction anytime before trial. *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977). Kelly has not alleged any prejudice as a result of the court's ruling nor can any be detected from an examination of the record. We therefore conclude that the court did not abuse its discretion and that the allowance of the amendment was proper.

### IDENTIFICATION OF DEFENDANT

■ Following his arrest, Kelly was taken to the scene of one of the robberies. The robbery victim was brought out to the squad car in which Kelly was being held. The victim was told that the police had a suspect, but was given the chance to either confirm or deny the defendant's identity. The victim positively identified Kelly as the robber. Kelly objected to allowing the victim to make an in-court identification.

We have previously held that a one-man show-up at the scene of the crime or near the time of the criminal act is permissible. *State v. Nunez*, 108 Ariz. 71, 492 P.2d 1178 (1972). We also have held that a determination as to the fairness of prior identifica-

tions is for the trial court and will not be overturned on appeal absent clear and manifest error. *State v. Lamb*, 116 Ariz. 134, 568 P.2d 1032 (1977). We find no such error and uphold the trial court's approval of the show-up in question.

### EFFECTIVE ASSISTANCE OF COUNSEL

Prior to trial, the court appointed the public defender to represent Kelly. He was subsequently replaced at Kelly's request by another attorney. A third attorney ultimately defended Kelly at trial. Kelly's allegation of ineffectiveness of counsel relates only to the pretrial actions of the public defender.

Basically, Kelly contends that the public defender was so lax in conferring with him following his arraignment and prior to trial that he was denied the opportunity to confirm the possibility of the existence of any alibi witnesses and as a result was not able to call these witnesses at trial. We think Kelly's allegation of prejudice is wholly hypothetical and that in any case he was prejudiced, if at all, by his own acts. During a post-trial hearing on a motion to vacate judgment, which motion was ultimately denied, the public defender testified that Kelly was contacted several times by someone from the public defender's office during the period in question and each time refused to discuss the case. Kelly finally indicated to the public defender that he could not remember any of the facts surrounding the evening in question. He never told the public defender of the possibility that an alibi witness might exist nor did the public defender have any information to that effect. Applying any of the several tests discussed recently in *State v. Williams*, 593 P.2d 896 (1979), we do not believe Kelly was denied effective assistance of counsel.

The judgment of conviction and the sentences are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.