624 P.2d 1299

The STATE of Arizona, Petitioner,

v.

The Honorable Robert J. HOOKER, Judge of the Superior Court, in and for the County of Pima, State of Arizona,

and

Frank Arthur Roby, Real Party in Interest, Respondents.

No. 2 CA–CIV 3924.

Court of Appeals of Arizona, Division 2.

Feb. 25, 1981.

252

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., and Michael J. Pearce, Tucson (28(e) Student), for petitioner.

Richard S. Oseran, Pima County Public Defender by Tom J. Hagen, Tucson, for respondents.

## OPINION

### HATHAWAY, Chief Judge.

The state brought this special action to challenge the respondent court's precluding it from proving the allegations of prior convictions with any documents which had not been presented to the defense by the time of a change of plea hearing. Because the state has no remedy by appeal and we believe the respondent court acted in excess of its jurisdiction, we assume jurisdiction and grant relief.

The real party in interest was indicted on one count of attempted second degree burglary and one count of fleeing from a law enforcement vehicle. At the change of plea hearing on January 8, 1981, more than 20 days prior to the March 10, 1981, trial date, the state filed an allegation of prior Massachusetts convictions pursuant to A.R.S. Sec. 13–604. However, the state at that time was unable to produce formal proof of the alleged prior convictions because of a delay in the processing of the documents in Massachusetts. The respondent judge allowed the state to allege the prior convictions, but precluded it, as a violation of A.R.S. Sec. 13–604(K), from using any materials concerning the allegations which had not been presented to the defense.

The change of plea hearing was continued until January 13 at which time the real party in interest entered a guilty plea and denied the prior convictions. The plea was accepted with the denial of prior convictions over the objection of the state. We stayed the sentencing pending disposition of this special action.

The court relied on A.R.S. Sec. 13–604(K) which reads in part:

"K. The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction or the dangerous nature of the felony is charged in the indictment or information and admitted or found by the trier of fact. The court in its discretion may allow the allegation of a prior conviction or the dangerous nature of the felony at any time prior to trial, provided that when the allegation of a prior conviction is filed, the state must make available to the defendant a copy of any material or information *obtained* concerning the prior conviction." (Emphasis added)

The statute does not require the state to produce all of its prior conviction evidence at the time the allegation is filed, but rather requires that all information which the state has obtained regarding an allegation of a prior conviction be disclosed to the defense. That was done here.

The order of the respondent court precluding the admission of the documentary evidence regarding the prior convictions is vacated, as is the stay order of this court.

Relief granted.

HOWARD and BIRDSALL, JJ., concur.