666 P.2d 480

**The STATE of Arizona, Appellee,**

v.

**Jerome Mason GESCHWIND, Appellant.**

**No. 2 CA–CR 2687.**

Court of Appeals of Arizona,
Division 2.

Oct. 18, 1982.

"A person whose operator's or chauffeur's license is suspended, revoked or refused and who commits the offense of driving a vehicle while under the influence of intoxicating liquor or drugs during the period of such suspension, revocation or refusal, or a person who has never applied for or obtained an operator's or chauffeur's license who commits a second offense of driving while under the influence of intoxicating liquor or drugs, is guilty of a class 6 felony."

Thus the appellant was charged with two violations of this statute for the same DWI, one while license suspended, the other, a second offense because of a DWI conviction in Arizona on February 7, 1980, and while having never applied for a license.

The jury returned guilty verdicts:

In the first case "Driving While Under the Influence on a Suspended License," and in the second case, "Second Driving While Under the Influence without a License."

The consolidated judgment, sentence and commitment recites that the appellant was found guilty of DWI while license suspended or revoked and DWI while license suspended or revoked, second offense. Each crime was treated as a class 6 felony, repetitive offense, and the maximum sentence for a class 6 felony with a prior felony offense, 3 years imprisonment, A.R.S. § 13–604(A) was imposed for each to be served concurrently. In addition to the substantive offenses, the prosecution alleged three prior felony convictions, one in Arizona and two in the state of Washington, all pursuant to A.R.S. § 13–604.

The appellant admitted the Arizona felony conviction when he testified. He also admitted the prior DWI.

We reverse because of one of the issues raised on appeal. The appellant contends that the trial court should have "bifurcated" the trial and submitted first only the charges of DWI on November 6, 1981, while his license was suspended, the first

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Dwight P. Callahan, Casa Grande, for appellant.

## OPINION

BIRDSALL, Judge.

The appeal is from two superior court cases which were consolidated for trial. In the first case the indictment, returned November 10, 1981, charged that on or about November 6, 1981, the appellant drove a motor vehicle under the influence of intoxicating liquor while his driver's license was suspended, revoked or refused, A.R.S. § 28–692.02.

In the second case the indictment, returned January 20, 1982, charged that the appellant, having never obtained an Arizona license, committed a second offense of DWI on November 6, 1981, A.R.S. § 28–692.02. A.R.S. § 28–692.02 provided: [1]

1. The DWI statutes were extensively amended by the 35th Legislature, Chapter 234, Second Regular Session, in 1982. All references in this opinion are to the statutes as they existed in November, 1981.

case, and DWI on November 6, 1981, having never obtained an Arizona license, the second case, except for the remaining element of the charge in the second case, that this was a second offense of DWI. The latter question would then be left for determination by the jury only if he was found guilty of the DWI while having never obtained an Arizona license. In other words, the appellant argues that the issue of whether this was a second offense should never have been mentioned unless and until it was necessary that it be submitted similar to the procedure with an allegation of a prior conviction under A.R.S. § 13–604. He contends that permitting the jury to receive evidence of his prior DWI conviction violated the rule prohibiting proof of the commission of another distinct and independent crime from that for which he was on trial. *State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977); *Dorsey v. State,* 25 Ariz. 139, 213 P. 1011 (1923), approved in *State v. Greenwalt,* 128 Ariz. 150, 165, 624 P.2d 828, 843 (1981).

Although the proof of the appellant's 1980 DWI conviction was relevant to the charge in the second case, it was neither relevant nor admissible on the underlying charge of DWI on November 6, 1981, present in both cases. The state relies on the exception contained in Rule 19.1(b), Rules of Criminal Procedure, 17 A.R.S. The rule, with the exception underlined reads:

"b. *Proceedings When Defendant is Charged With Prior Convictions.* In all prosecutions in which a prior conviction is alleged, *unless such conviction is an element of the crime charged,* the procedure shall be as follows:

(1) The trial shall proceed initially as though the offense charged were a first offense. When the indictment, information or complaint is read all reference to prior offenses shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning prior offenses, except as permitted by the rules of evidence.

(2) If the verdict is guilty, the issue of the prior conviction shall then be tried,

unless the defendant has admitted the prior conviction."

It argues that since one of the elements of the offense in the second case was the prior DWI conviction this exception in the rule authorizes the procedure followed in the trial. It is possible to so interpret the exception contained in this rule but we do not believe our supreme court intended its application under this charge. Although the legislature has specifically defined as a crime "A person . . . who has never applied for or obtained an operator's or chauffeur's license who commits a second offense of driving while under the influence of intoxicating liquor or drugs," . . . including the "second offense" makes this nothing more than a recidivist statute where the possible punishment is greater than it would otherwise be for a DWI. We believe the rule was intended to apply to such crimes as former A.R.S. § 13–919, "Possession of pistol by criminal" where it was necessary under the definition of the offense to show that the defendant had been previously convicted of a crime. *See State v. Parker,* 116 Ariz. 3, 567 P.2d 319 (1977). Another example of the application of the exception is found in *State v. Greenawalt, supra,* where the killing under former A.R.S. § 13–452 was committed in "effecting an escape from legal custody," thus making the act first degree murder.

As the appellant argues, the admission of evidence that he had been previously convicted of drunken driving was extremely prejudicial. The offense is one in which behavior is relevant to the elements of the offense. Consumption of alcohol is generally known to be habitual and even addictive. The jury, having been thus told that this is not the first time, could easily have been influenced to find the appellant guilty because of this.

The state argues that even if this was reversible error in the second case the verdict and conviction in the first case should not be overturned. We disagree. Since the substantive charge in the first case was DWI, the same prejudice was injected into the case by showing the prior conviction.

The same reasoning applies. The trial court should have followed the procedure set forth in Rule 19.1(b) even though the fact of the first conviction was technically an "element of the offense."

We must also consider other issues urged on appeal since the appellant argues, for several reasons, that the trial court should have granted motions for judgments of acquittal and other questions presented may arise on retrial.

■ The appellant contends that the trial court should have accepted his guilty plea at the arraignment November 16, 1981, in the first case. At that time no allegations of prior convictions had been filed. The court reserved acceptance of the tendered plea in order to determine if there was a factual basis for the plea. The state requested at that hearing that it be given time to file prior allegations. The court deferred the acceptance of the plea until December 7, the time set for sentencing. At that subsequent hearing the court rejected the plea because of the prior allegations which had been filed. We find no error in this procedure. The plea had not been accepted. *See Lombrano v. Superior Court,* 124 Ariz. 525, 606 P.2d 15 (1980); *State v. Nunez,* 108 Ariz. 484, 502 P.2d 361 (1972). The appellant was not placed in jeopardy. *Smith v. Superior Court,* 130 Ariz. 210, 635 P.2d 498 (1981). *See also State v. Superior Court,* 125 Ariz. 575, 611 P.2d 928 (1980). Assuming even that the reason for reserving acceptance of the plea was to permit the state to allege the prior convictions that procedure would be permissible. The determinate sentencing scheme contained in the new Arizona Criminal Code enacted in 1977 provides for the enhancement of punishment through the proof of prior convictions, A.R.S. § 13–604. The state cannot be expected, or required, to know whether a given defendant has prior convictions at the time of arraignment. *See State v. Hooker,* 128 Ariz. 251, 624 P.2d 1299 (App.1981). To deny the state the right to file such allegations by requiring the acceptance of a plea at arraignment would defeat the legislative intent mandat-

ing aggravated sentences for repeat offenders. *See State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980). The appellant has shown no prejudice by reason of the delay in rejecting his plea, and we find no error.

The appellant also attempted to plead to the charge in the second case at his arraignment. The court, being advised that the priors were going to be alleged, continued acceptance of that plea for one week and then refused the plea. By that time the motion to allege priors had been filed. We find no error.

■ The appellant's next contentions involve the sufficiency of the evidence and an interpretation of the statute under which he was charged. The evidence showed that the appellant had a driver's license in California issued January 17, 1979, which was suspended effective September 6, 1979, and again suspended effective September 20, 1979, as shown by the certified copy of the California driver record information admitted in evidence. The record does not show the period of suspension nor does it show that the license has been returned or a new license issued or that any application for reinstatement has been made. The certified copy of the appellant's Arizona motor vehicle record shows no license. It does show four traffic violations, the first on November 4, 1979, and the last being the DWI on February 7, 1980. The appellant testified concerning his license status on November 6, 1981:

"Q. You knew you had no valid driver's license at that time?

A. Yes, sir.

Q. You knew that your California license had been suspended?

A. Yes, sir.

Q. Did you ever take any steps to get that back?

A. Yes, sir.

Q. What did you do?

A. I went down to the Arizona office and tried to apply.

Q. And you didn't get one, though?

**384**

A. No, sir. They said I had to have my old California license or authorization from California.

Q. But you never obtained a license?

A. No, sir. I was under financial responsibility. I was never in a position to afford it.

Q. My question was simply, You never obtained a license? That can be answered yes or no.

A. No, sir."

In the second case the prosecution contended, and the trial court agreed, that where the statute speaks of "a person who has never applied for or obtained an operator's or chauffeur's license" it meant in the state of Arizona.

We agree, provided that the person charged was obliged under our law to apply for or obtain an Arizona license. A.R.S. § 28–412 exempts certain persons from the licensing requirements of A.R.S. § 28–411. A non-resident who has in his immediate possession a valid operator's license issued to him in his home state is exempt. The appellant did not come within this exemption since he was no longer a California resident with a valid California license. We recognize that the word "never" used in the statute is a strong word but we reject the contention that in the context used it means "anywhere, anytime." Such an interpretation would prevent the prosecution of the second offender who had a license in Kentucky thirty years before he moved to Arizona but had done nothing to comply with the Arizona licensing requirements. Moreover we refuse to believe that the legislature would place an impossible burden on the state by requiring it to prove that not only did the defendant have no Arizona license, but also had never applied for or obtained a license anytime during his life in any state in the union. Even in this age of computer science the availability of such proof strains our imagination.

Our construction of the statute conforms with the obvious legislative intent to equate the person driving on a suspended or revoked license, or who had been refused a license, with the person who has totally neglected to obtain an Arizona license even though the law requires him to. We further believe our interpretation of the legislative intent is supported by the addition of the second offense DWI element where the offender's status is never having applied or obtained a license. In our experience a probable reason for the suspension, revocation or refusal of a license is a DWI conviction. Thus in many instances the current DWI of the person whose license was suspended, revoked or refused, is in reality a second offense. We conclude that the trial court properly refused to direct a verdict of acquittal in the second case.

■ The appellant next contends that the trial court erred in admitting the certified copy of his California driving record. Since this issue may arise on retrial it is necessary that we consider it. We believe the document was properly admitted under Rule 902(4), Rules of Evidence, 17A A.R.S. A photograph of the appellant was sufficient to prove that it was his record. As we have noted, it showed his license was suspended. The suspension was the last entry on the record. The exhibit was properly admitted as evidence in each case.

The appellant also objected to the exhibit because it shows prior crimes, including DWI. This is likewise true of the Arizona driver's record exhibit. These prejudicial, irrelevant matters should be blocked out of the exhibit before it is allowed to go to the jury.

Finally, the appellant argues that the doctrine of collateral estoppel precludes the state from showing the suspension in California because he was acquitted in a justice court in Arizona on a charge of violating A.R.S. § 28–411(A). This statute provides:

"No person, except those expressly exempted in this chapter, shall drive any motor vehicle upon a highway in this state unless the person has a valid license as an operator or chauffeur under the provisions of this chapter. No person shall drive a motor vehicle as a chauffeur unless he holds a valid chauffeur's license."

Apparently this traffic violation was charged together with the DWI on which he was convicted February 7, 1981. The trial court records show the following argument by appellant's counsel:

. . . . .

"Judge, I have one more motion I want to make before we go in there, and this is one which I did not become cognizant of until yesterday.

We had in this prior case in Apache Junction which I spoke of earlier in which I was the defense attorney, by the way, and one of Mr. McNaughton's present deputy county attorneys, Ruth Koester, was the prosecutor, we had a charge at that time of no Arizona driver's license. The issue in that case boiled down to—it was stipulated that the defendant had never applied for an Arizona driver's license. The issue in that case was whether or not he had a valid California driver's license to satisfy the exception, as a defense, satisfying the exception to the statute which makes it a crime to be driving without an Arizona driver's license.

I have here file number 8786, which is the appeal file from that DWI conviction, and it contains all the records of the justice court proceeding, all of the original records, and that is a record of the Superior Court of Pinal County.

I would ask the Court to take cognizance of that record and I would ask that the Court dismiss both of these indictments on the grounds that there is collateral estoppel in that the State has once before alleged, and failed to prove, that the defendant had been driving on a suspended California driver's license or that he had no valid Arizona driver's license.

The way the statute is set, both of those issues are the only two issues in this case that make this a felony. This statute can be interpreted in two ways. You can say that the suspension that is required must be an Arizona suspension or it can be a suspension from any state, or you can say that the license never applied for must be never applied for in Arizona

or never applied for in any state. In either case, we have litigated these issues before between these same parties, between myself, the defendant, on the defense side and a deputy county attorney who is sitting in her office here about a hundred feet away.

The issue at that time was, Did the defendant have an obligation to seek an Arizona driver's license? The defense was no, he didn't because he had a valid California driver's license. And the county attorney's response at that time was that driver's license was not valid because it was suspended by California.

We litigated all of those issues and the jury found that he was not guilty of no valid Arizona driver's license. All of those issues have been litigated once before by the same parties. There has been no change in the circumstances that are alleged by the county attorney, but he is seeking to relitigate those issues today and I would ask that the Court find that he is collaterally estopped from relitigating those issues and reduce this case to the lesser-included charge of misdemeanor DWI."

The trial court refused to take judicial notice of the justice court proceeding. This may have been error. See State v. Williams, 131 Ariz. 211, 639 P.2d 1036 (1982); State v. Jimenez, 130 Ariz. 138, 634 P.2d 950 (1981); State v. Forteson, 8 Ariz.App. 468, 447 P.2d 560 (1968). However, we are unable to make this determination because the record before us does not include the justice court record. We must leave this for decision by the trial court. If the elements of collateral estoppel are satisfied the trial court may well conclude that both the question of suspended driver's license and not having applied for or obtained a license are precluded by this principle.

Reversed and remanded for new trial.

HOWARD, C.J., and HATHAWAY, J., concur.