667 P.2d 1336

The STATE of Arizona, Appellee,

v.

Francisco Daniel GRIJALVA, Appellant.

No. 2 CA–CR 2804.

Court of Appeals of Arizona,
Division 2.

April 18, 1983.

Rehearing Denied May 23, 1983.

Review Denied July 8, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederick J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

This is an appeal from a conviction in Pima County of attempted second degree burglary and theft under $100.

During the night of February 11, 1982, Rebecca Gorrell heard noises outside her apartment, looked out and saw nothing. Upon answering a knock on her back door, where no one ever knocked, she discovered the appellant who told her some children had let the air out of her tires. She did not go out or let the appellant in and told him she would inform her husband about the tires although she was actually unmarried. Later, she heard a noise by her window and called the police who, upon arrival, saw a man come from the vicinity of her apartment and ride off on a bicycle. The police chased and caught the man, the appellant, with a bike stolen two days before, a jar of vaseline, gloves, a wig and marijuana. Ironically, the appellant was caught in front of the house from which the bike had been stolen. Further investigation revealed two flat tires on Ms. Gorrell's car, chipped paint on her windows, pry marks on her door, a bag of her old underwear which she had placed in the trash scattered about her backyard, a tire valve-stem remover on the bike, footprints matching the appellant's shoes near the windows and car, and a knife near her apartment.

At trial, the court directed a verdict of acquittal on the charge of attempted first degree burglary with an allegation of dangerous nature since there was no showing that the knife had ever been used or exhibited. The jury found the appellant guilty of attempted second degree burglary, theft under $100 (the bicycle), with four prior convictions which were admitted by the appellant.

The appellant first argues that following the directed verdict the trial court amended the information to a charge of attempted second degree burglary without his consent. It is improper to amend an information which changes the legal basis of the charges unless the defendant consents. See e.g., State v. Kelly, 123 Ariz. 24, 597 P.2d 177 (1979). The appellant asserts he was prejudiced by the admission of the knife prior to the directed verdict since that evidence would not pertain to attempted second degree burglary. He also contends that prejudice resulted from the discussions in opening statements concerning attempted first degree burglary.

We disagree for several reasons. First, no amendment of the information occurred as in Kelly, supra. Here, the trial court dismissed the charge of attempted first degree burglary, thus automatically leaving in existence the necessarily lesser-included charge of attempted second degree burglary. Rule 13.2(c), Rules of Criminal Procedure, 17 A.R.S. states that the "[s]pecification of an offense in an indictment or information shall constitute a charge of that offense and of all offenses necessarily included therein." The appellant could not commit attempted first degree burglary without necessarily committing the included offense of attempted second degree burglary. Since the information already contained notice of the charge of the necessarily included offense of attempted second degree burglary, no amendment was necessary.

The admission of the knife into evidence was not error even if the original charge had been attempted second degree burglary since it constituted circumstantial evidence of both the appellant's attempted entry into the house and intent to commit a felony. The jury could have believed that the appellant intended to use the knife to persuade the intended victim. In State v. Greenawalt, 128 Ariz. 388, 626 P.2d 118 (1981), police at a roadblock were fired upon from a passing van. Weapons later admitted into evidence were discovered near where the appellants were hiding in the

desert when arrested. The supreme court found it more probable than not that those weapons were the ones fired from the van and, therefore, "a sufficient connection was established between the weapons and the crimes charged." Id. at 395, 626 P.2d at 125. Likewise, in the present case a sufficient connection exists since there was evidence of pry marks on the victim's door and windows, which could have been made with the knife, and the knife was found near the place where the police first spotted the appellant.

■ The discussions in opening statements concerning attempted first degree burglary were not prejudicial. The trial court properly denied the motions for mistrial and a request that the jury be informed, prior to the appellant's testimony, that the charge was now attempted second degree burglary. This ruling was well within the trial court's discretion. The jury was instructed to make its determination based on the evidence and that the opening statements were not evidence. They were instructed that the charge against the appellant was attempted second degree burglary, informed of the proof required to sustain that charge and given a verdict form specifying attempted burglary in the second degree. There was no error.

■ The appellant next contends that the prosecutor improperly argued during closing that the appellant was a "four time felon Good Samaritan" and referred to the felony which the appellant intended to commit in the house as a "rape that never happened". Several comments by the prosecutor developed this theme. We find no error justifying reversal. The appellant's counsel also described him as a Good Samaritan who only sought to notify Ms. Gorrell that her tires were flat. The prior convictions were in evidence. Likewise, the state, as an element of attempted second degree burglary, had to show that the appellant intended to commit a felony in the house. The appellant also complains of comments regarding the psychological trauma of rape and the difficulty rape victims may have identifying rapists. The state's theory of the case was that the intended felony was rape. Circumstantial evidence was admitted which supported that theory. The prosecutor's remarks were supported by the evidence, State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972), and were not error. State v. Kelley, 110 Ariz. 196, 516 P.2d 569 (1973). The trial court was in the best position to judge the effect of the prosecutor's closing arguments.

The appellant also maintains that the following statement by the prosecutor during closing argument was improper and intended to inflame the passions and fears of the jury:

"I just raised this question, (sic) do we have to wait until this man finds a victim who will open his door, open that door to him. Do we have to wait until someone is raped to deal with this man."

■ Standing alone this argument appears to be a classic illustration of an attempt to improperly influence the jury by calling on their emotions. State v. Makal, 104 Ariz. 476, 455 P.2d 450 (1969), cert. denied, 404 U.S. 838, 92 S.Ct. 128, 30 L.Ed.2d 71 (1971). However, when considered with the facts of this case, the deflated tires, the conversation at the door, the scattering of the victim's underclothes and the vaseline, there is an arguable inference that this was a burglar who planned his crime and therefore might do so again. See State v. Garrison, 120 Ariz. 255, 585 P.2d 563 (1978). Even more important is the fact that this was a charge of attempt and the fact that nothing really happened had been brought home to the jury from the beginning. This argument is proper to counteract that impression. Assuming arguendo that the argument was improper, the trial judge implicitly found that under the circumstances of the case the jury was probably not influenced by the remarks. See State v. Smith, 114 Ariz. 415, 561 P.2d 739 (1977); State v. Gonzales, 105 Ariz. 434, 466 P.2d 388 (1970). Again, the trial judge was in the best position to decide this question, and we will adhere to his judgment since no clear abuse of discretion has been shown.

The appellant next argues that reversible error occurred when the trial court denied his motion for a mistrial after the following statement by a Tucson police officer on direct examination by the state:

"Q. [by prosecutor] After you had your brief discussion about the use of this vaseline, do you recall if the suspect made any other statements?

A. Yes, he became a little more light-hearted and we continued talking. I don't recall exactly how it was, statements were made, of previous instances where he was involved in criminal justice system [sic]."

The appellant contends that the statement indicated serious unrelated prior bad acts and was thus inadmissible, and that, since the prosecution had "let the cat out of the bag", the appellant was compelled to take the stand and admit four prior felony convictions. We disagree.

■ The general rule is that evidence which indicates serious unrelated prior bad acts of the defendant that would otherwise be inadmissible merits a mistrial. *See State v. Smith,* 123 Ariz. 243, 599 P.2d 199 (1979). However, any resulting prejudice, to be reversible error, must make it reasonably probable that the verdict would have been different if the testimony had not been admitted. *State v. Sianez,* 103 Ariz. 616, 447 P.2d 874 (1968).

■ The officer's testimony alluded to involvement in the criminal justice system, but not necessarily as a criminal. The testimony did not mention arrests, convictions or the degree of any prior criminal activity. In addition, the appellant rendered any possible prejudice harmless by later specifically admitting four prior felony convictions. *State v. Ybarra,* 97 Ariz. 200, 398 P.2d 905 (1965). *Compare State v. Ellerson,* 125 Ariz. 249, 609 P.2d 64 (1980).

The appellant next contends that the trial court committed reversible error by refusing to admit the testimony of the appellant's sister. She would have testified that a third person, Mario Corrales, admitted to her that he, Corrales, had actually stolen the bicycle and lent it to the appellant without informing him of the theft. The issue is whether the testimony falls under the "statement against penal interest" exception to the hearsay rule under Rule 804(b)(3), Rules of Evidence, 17A A.R.S. That rule provides that, "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." The trial court, citing *State v. Macumber,* 119 Ariz. 516, 582 P.2d 162 (1978), cert. denied, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978), found that the requirement of corroboration had not been met. We agree.

■ Admission of evidence is within the discretion of the trial court and its rulings will not be disturbed on appeal absent an abuse of discretion. *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976), cert. denied, 431 U.S. 921, 97 S.Ct. 2191, 53 L.Ed.2d 234 (1977). The appellant's argument that the trial court denied admission based on the sister's credibility rather than an examination of the trustworthiness of Corrales' statement is unpersuasive. The trial judge specifically noted that Corrales' hearsay statement required corroboration that he made the statement or that he actually stole the bicycle. No such corroboration was presented. Any possibly corroborative statements by the appellant would not meet the standard required by Rule 804(b)(3) that such corroboration "clearly indicate the trustworthiness . . .", since the appellant's own credibility is at issue. In 4 Weinstein on Evidence at 804–12 (1981) we find the following quote from the Report of the Committee on the Judiciary, House of Representatives, 93rd Congress, 1st Session, Proposed Federal Rules of Evidence, No. 93–650, pp. 15–16 (1973): "[S]tatements against penal interest . . . tending to exculpate the accused are more suspect and so should have their admissibility conditioned upon some further provision insuring trustworthiness. The proposal in the Court Rule to add a requirement of simple corroboration was, however, deemed ineffective to accomplish this purpose since the accused's

own testimony might suffice while not necessarily increasing the reliability of the hearsay statement." We find this logic of the drafters of the Federal Rules of Evidence persuasive. Finally, the fact that the sister did not inform defense counsel of her conversation with Corrales until shortly before trial, although possibly consistent with her testimony that she originally did not think the conversation was important, does nothing to corroborate whether Corrales made the statement or stole the bicycle.

The appellant next argues that the following flight instruction constituted an impermissible comment on the evidence prohibited under Art. VI, § 27 of the Arizona Constitution:

"Running away or hiding after the alleged commission of a crime does not, in itself, prove guilt. You may consider any evidence of the defendant's running away or hiding together with all the other evidence."

He contends that the instruction suggests he ran because of the attempted robbery and stolen bicycle rather than, according to his theory, because of fear of being caught with marijuana. We disagree.

This instruction is the recommended Arizona Jury Instruction approved by the supreme court. *See also State v. Clark,* 126 Ariz. 428, 616 P.2d 888 (1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). The giving of a flight instruction is proper if supported by the evidence. *See State v. Hatton,* 116 Ariz. 142, 568 P.2d 1040 (1977).

The fact that the appellant may have fled from the vicinity of the alleged crime out of fear of punishment for possession of marijuana does not remove the possibility that his flight was because of fear of being punished for the crimes charged. The instruction is not rendered improper just because the running is from two crimes rather than one. In *State v. Sorrell,* 109 Ariz. 171, 506 P.2d 1065 (1973), the defendant was caught while fleeing from the vicinity of a robbery in a stolen car. He claimed a flight instruction in the robbery prosecution was error since he was fleeing because of the stolen car. The *Sorrell* court held that, "[s]ince defendant, at 2:00 A.M. was fleeing from the vicinity of the robbery in that car, it is only reasonable to treat the flight as from the robbery, as well as from the car theft." The jury in the present case could properly "consider any evidence of the defendant's running away or hiding together with all the other evidence" as an indication of consciousness of guilt of the crimes charged.

Finally, the appellant maintains that error occurred due to violations by the state of A.R.S. § 13–604(K) [1] and § 13–604(H). [2] The state filed with the information an allegation of four prior convictions which had been entered in Pima County on May 24, 1974. Later, it developed that the person who would testify that the appellant was the person convicted of those prior felonies would not be present at trial. The state needed to identify the appellant as the person previously convicted and to show that at least two of the prior felonies occurred on more than one occasion for en-

1. A.R.S. § 13–604(K), in pertinent part, states: "K. The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction, the dangerous nature of the felony or the allegation that the defendant committed a felony while released on bond or on his own recognizance as provided in subsection M of this section is charged in the indictment or information and admitted or found by the trier of fact. The court in its discretion may allow the allegation of a prior conviction, the dangerous nature of the felony or the allegation that the defendant committed a felony while released on bond or on his own recognizance at any time prior to trial, provided that when the allegation of a prior conviction is filed, the state must make available to the defendant a copy of any material or information obtained concerning the prior conviction . . . . "

2. A.R.S. § 13–604(H) states: "H. Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

# 16

hanced sentencing purposes under A.R.S. § 13–604(H). Therefore, during trial, the state obtained the criminal complaint and the minute entry for the return of the jury verdicts on the prior convictions (the sentencing minute entry already disclosed with the filing of the information did not prove that any of the prior felonies occurred on more than one occasion). The state then disclosed the additional documents and they were admitted the following day, over objection. The appellant claims it was error to admit these previously undisclosed documents and that they do not show that the prior crimes occurred on more than one occasion. We disagree.

■ It was not error to admit these documents. Under A.R.S. § 13–604(K), the trial court may allow an allegation of prior conviction "at any time prior to trial" if at the time the allegation is filed, the state makes "available to the defendant a copy of any material or information obtained concerning the prior conviction. We interpreted this statutory language in *State v. Hooker,* 128 Ariz. 251, 624 P.2d 1299 (App.1981). In that case, the state, at the time it filed an allegation of prior Massachusetts convictions, "was unable to produce formal proof of the alleged prior convictions because of a delay in the processing of the documents in Massachusetts." 128 Ariz. at 252, 624 P.2d at 1300. Thus, unavailability of the undisclosed proof was the reason for the failure to obtain it at the time the allegations were filed. The state did not withhold information it both knew it needed and could readily obtain. Likewise, in the present case the state disclosed with the allegation all the available information it felt it needed to prove the prior convictions. The state had intended to call a deputy county attorney to testify that the appellant had committed the priors and that they were committed on different occasions, but it later developed that the attorney could not be present at trial. At that point the state immediately procured and disclosed the disputed documents which were in the office of the Clerk of the Superior Court in Pima County. These documents were always available to either party. Even if we treat this as late

disclosure, the appellant was not prejudiced because of the timing. He was prejudiced only because this proof enabled the court to enhance his punishment. The evidence presented was sufficient to allow the jury to conclude beyond a reasonable doubt that the prior convictions occurred on more than one occasion. The trial court's sentencing minute entry for the priors contained the following:

"IT IS THE JUDGMENT OF THE COURT that Defendant is guilty of the crimes of BURGLARY, FIRST DEGREE (ARMED), Count One; RAPE, 1ST DEGREE, Count Two; BURGLARY, FIRST DEGREE (ARMED), Count Three, and ASSAULT WITH INTENT TO COMMIT RAPE, Count Four."

The complaint, which was also introduced into evidence charged the appellant with the commission of counts one and two "[o]n or about *the 17th day of December 1973*" and counts three and four "[o]n or about *the 28th day of December 1973.*" (emphasis supplied). Thus, having both exhibits enabled the jury to find that the prior convictions involved at least two different occasions.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.