NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AARON SHANE AULBACH, *Appellant.*

No. 1 CA-CR 17-0014
FILED 5-24-2018

Appeal from the Superior Court in Coconino County
Nos.  S0300CR201500045
S0300CR201600588
(Consolidated)
The Honorable Jacqueline Hatch, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

Aaron Shane Aulbach, Eloy
*Appellant*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

---

**B R O W N**, Judge:

**¶1**  Aaron Aulbach appeals his convictions and sentences for unlawful flight from a pursuing law enforcement vehicle, aggravated assault on a peace officer, resisting arrest, and two counts of driving under the influence ("DUI"). Counsel for Aulbach filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal. Aulbach was given the opportunity to file a supplemental brief *in propria persona* and he has done so.[1]

**¶2**  Our obligation is to review the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Aulbach. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

### FACTUAL AND PROCEDURAL BACKGROUND

**¶3**  In January 2015, after observing Aulbach commit civil traffic violations while driving a Mazda pickup, and learning that Aulbach's driver's license was suspended, Sergeant Jamison conducted a traffic stop. Aulbach refused to give Jamison his license and denied that it was suspended. Aulbach then "took off" in his pickup.

**¶4**  Jamison retreated to his police vehicle, activated the vehicle's siren (the emergency lights were already on), and pursued Aulbach for over 10 miles. Traveling between 65 and 75 miles per hour in a 75 mile per hour zone, Aulbach avoided spike strips deployed by other law enforcement officers, and then pulled off the highway into the forest. Aulbach's pickup became stuck, at which time he exited his vehicle, rushed toward Jamison,

---

[1] To the extent Aulbach's filing entitled "Notification of Time Frames and To Clarify" requests that we take any action relating to his supplemental brief, we deny the request as moot.

and shot five to six-foot flames toward Jamison using a lighter and a can of carburetor cleaner.

¶5        Jamison unholstered his taser, pointed it at the approaching Aulbach, and yelled at him to stop.  Aulbach retreated to his pickup and "rummag[ed] around" inside of it, which caused Jamison to deploy his service weapon because he was "very concerned that there may be something else in the vehicle," such as a firearm.  Yelling at Jamison and other officers who had arrived, and refusing to follow their commands, Aulbach threw a small object at Jamison and attempted to free his pickup, revving the engine and spinning the wheels for several minutes.  At one point, Aulbach retrieved food and water from the back of his pickup and started eating a sandwich.

¶6        Officers approached Aulbach's pickup and breached the passenger window in an attempt to gain control over him, but he resisted, fought, and kicked at the officers.  After Aulbach was eventually placed in custody, Jamison attempted to conduct a DUI investigation at the detention facility but Aulbach refused.  Regardless, Jamison and Sergeant Seay observed signs of drug use.  The officers obtained a search warrant and collected a sample of Aulbach's blood, which contained about 41 ng/ml of amphetamine and 350 ng/ml of methamphetamine.

¶7        The State charged Aulbach with unlawful flight from a pursuing law enforcement vehicle, a class 5 felony; aggravated assault on a peace officer, a class 2 felony; resisting arrest, a class 6 felony; and two counts of DUI, class 1 misdemeanors.[2]  Initially found incompetent to stand

---

[2]        Originally, Aulbach was charged with two counts of aggravated DUI.  But Aulbach successfully moved, under Arizona Rule of Criminal Procedure ("Rule") 20, to dismiss the aggravated DUI charges.  Because the superior court did not dismiss the lesser-included misdemeanor DUI offenses, but instead stated it would "allow [the State] to amend the complaint and charge [the aggravated DUI offenses] as misdemeanors," Aulbach was properly on notice that he was being charged with misdemeanor DUI offenses.  *See* Ariz. R. Crim. P. 13.1(e) ("An offense specified in an indictment, information, or complaint is a charge of that offense and all necessarily included offenses."); *State v. Grijalva*, 137 Ariz. 10, 12 (App. 1983) (explaining that dismissal of the attempted first degree burglary charge "automatically le[ft] in existence the necessarily lesser-included charge of attempted second degree burglary" and thus, defendant had notice of the charge and no amendment to the information was necessary).

trial, Aulbach received involuntary mental health treatment until the court found him "capable of assisting counsel at trial." In October 2016, Aulbach proceeded to trial and was found guilty as charged (except, of course, the dismissed aggravated DUI charges). The court sentenced Aulbach to time served on his misdemeanor charges and to concurrent, presumptive terms on his felony charges, which amounted to 15.75 years' imprisonment. Aulbach timely appealed.

## DISCUSSION

### A.    Supplemental Brief

¶8      Aulbach argues the following:   (1) he "objects to being required to proceed pro se"; (2) counsel's performance was deficient; (3) he "has been constructively denied counsel on appeal" because of appellate counsel's conduct and because "he is denied access to a law library" and to someone who can provide legal assistance; (4) the superior court, the State, and counsel focused on various issues irrelevant to the case; (5) the State improperly "continued to advocate to the jury that [his] driver's license was suspended"; (6) the court erred when it dismissed his aggravated DUI charge and recharged him with misdemeanor DUI without a complaint, information, or indictment; and (7) there was insufficient evidence to convict him of DUI.

¶9      As to Aulbach's first three arguments, Aulbach has appellate counsel who, as we explained in a previous order, "remains as [Aulbach's] counsel and can assist [him] until counsel's obligations in this case ends." Moreover, insofar as his arguments relate to ineffective assistance of counsel (trial or appellate), we do not address such issues on direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

¶10     As to his fourth argument, as best we can tell, Aulbach argues the trial proceedings were improperly focused on the reasonableness of law enforcement actions, instead of whether he committed a crime, which requires criminal intent. He contends he did not have the requisite criminal intent to commit these crimes because he had a reasonable belief he could ignore Jamison, his license was not suspended, and Jamison was harassing him. Thus, as Aulbach reasons, the jury never determined, and the State did not prove, that he had criminal intent, and he was justified in using self-

defense.[3] We reject Aulbach's arguments because the State presented, and the jury considered, a significant amount of evidence regarding Aulbach's mental culpability for each crime, and the jury instructions properly instructed the jury on the appropriate elements, including mental culpability, of each crime. The jury also had an opportunity to consider Aulbach's self-defense theory. In reviewing the record, we find that substantial evidence supports the jury's verdicts as to the *mens rea* for each crime. *See State v. Gulbrandson*, 184 Ariz. 46, 65 (1995) (finding substantial evidence supported the premeditation element of first-degree murder, and explaining that we do not reweigh the evidence).

**¶11** We also reject Aulbach's fifth argument. The jury was properly allowed to consider evidence and arguments relating to Aulbach's alleged suspended license because the State's case-in-chief proceeded on the aggravated DUI charges, which required the State to prove his driver's license was suspended. *See* Ariz. Rev. Stat. ("A.R.S.") § 28-1383(A)(1). Only after the State rested and Aulbach's subsequent Rule 20 motion was granted were the aggravated DUI charges dismissed. The court then ruled that the State was allowed to argue that the officer stopping Aulbach had information that his license was suspended. There is no reason to suppose the court erred, especially when the allegation of a suspended license was highly relevant to the incidents surrounding the traffic stop and there is no indication this evidence was prejudicial, misleading, or confusing, unlike Aulbach seems to suggest. *See* Ariz. R. Evid. 401-403. Moreover, Aulbach relied on the evidence he now challenges. After dismissal of the aggravated DUI charges, he testified about his suspended license, his disagreement with Jamison over the status of his license, and why he believed his license was still valid.

**¶12** As to Aulbach's sixth argument, even assuming the charges were substantively amended without his consent, *see* Ariz. R. Crim. P. 13.5(b) ("Unless the defendant consents, a charge may be amended only to correct mistakes of fact or remedy formal or technical defects."), we find no prejudice because Aulbach was on notice that he could be convicted of the lesser-included offense of misdemeanor DUI, *see State v. Kelly*, 123 Ariz. 24, 26 (1979) (explaining that it was error to "amend an indictment for armed robbery to robbery" because to do so was a "change in substance," but that

---

[3] To the extent Aulbach suggests his Fourth Amendment rights were violated, any such issue is waived because he failed to explain or develop how his rights were violated. *See State v. Navarro*, 241 Ariz. 19, 21 n.3, ¶ 6 (App. 2016) (declining to address Fourth Amendment-related issue because the defendant failed to develop any argument).

it was not prejudicial error because "robbery is a lesser included offense of armed robbery" and "the court could have instructed on the lesser included offense of robbery"); *State v. Becerra*, 231 Ariz. 200, 205, ¶ 20 (App. 2013) (finding that driving with a prohibited drug in the body is a lesser-included offense of aggravated driving with a prohibited drug in the body); *compare* A.R.S. § 28-1381(A)(1), (3), *with* A.R.S. § 28-1383(A)(1); *see also supra* note 1.

**¶13** Finally, we reject Aulbach's seventh argument. To convict him of both counts of misdemeanor DUI, the State was required to prove that Aulbach drove a vehicle when (1) he was "under the influence of . . . any drug" and "impaired to the slightest degree," and (2) there was "any drug defined in § 13-3401 or its metabolite" in his body. A.R.S. § 28-1381(A)(1), (3). Aulbach does not contest that he was driving, that he was under the influence of a drug, or that a drug or its metabolite was in his body.[4] Instead, he appears to challenge the sufficiency of the evidence only with respect to whether he was impaired to the slightest degree under § 28-1381(A)(1).

**¶14** Aulbach suggests the State inappropriately relied on the concentration level of methamphetamine found in his system, and contends that Sergeant Seay could not possibly have seen Aulbach grinding his teeth (bruxism) because his dentures had fallen out at the crime scene. However, Jamison testified that bruxism is not only grinding of the teeth but also grinding of the gums. In addition, we see no error in the State's reliance on the concentration level of methamphetamine in his body when that evidence, along with other evidence, substantially supports the jury's verdict that Aulbach was impaired. *See State v. Snider*, 233 Ariz. 243, 245, ¶ 4 (App. 2013) (sustaining conviction if it is supported by substantial evidence, which may be direct or circumstantial and which is adequate enough for a reasonable person to conclude defendant is guilty beyond a reasonable doubt).

**¶15** Officer Jamison, who was "trained to recognize some signs and symptoms" of "impairment," testified that he "noticed some things

---

[4] Although Aulbach cites *State ex rel. Montgomery v. Harris*, 234 Ariz. 343 (2014), he does so only to show that "the concentration level of meth in someone's system cannot be relied on to establish impairment," not to challenge whether any substance in his system was impairing. *See* 234 Ariz. at 347, ¶¶ 22-23 (explaining that "there is no generally applicable concentration that can be identified as an indicator of impairment for illegal drugs," and that A.R.S. § 28-1381(A)(3) "prohibit[s] driving with any amount of an impairing substance resulting from a drug . . . in the body").

that were consistent potentially with drug use," including erratic behavior and "facial tremors." A drug recognition expert, Sergeant Seay testified that he observed symptoms consistent with methamphetamine use, such as a light film of sweat, tremors in the eye area, and fatigue likely due to "coming down off of [stimulant use]." Roger Scurlock, a toxicologist and certified blood analyst, testified that amphetamine (a metabolite of methamphetamine) and methamphetamine are impairing stimulants, but that methamphetamine, which was found in Aulbach's blood at much higher amounts, was "perhaps . . . the stronger drug." Scurlock added that Aulbach's case "had all the hallmarks of being from methamphetamine use," and the level of both methamphetamine and amphetamine were "way above any kind of medical utility." Finally, Scurlock suggested that the amounts of drugs in Aulbach's body were sufficient to potentially cause him to drive poorly. Given the testimony presented, a reasonable juror could conclude that the evidence was adequate to prove beyond a reasonable doubt that Aulbach was impaired to the slightest degree.

### B. Historical Prior Felony Convictions

**¶16** The superior court sentenced Aulbach as category 3 repetitive offender, which means Aulbach had at least two historical prior felony convictions. *See* A.R.S. § 13-703(C). However, the superior court erred when it failed to indicate whether it found by clear and convincing evidence that Aulbach had at least two historical prior felony convictions. *See State v. Morales*, 215 Ariz. 59, 61, ¶ 6 (2007) (explaining that "[w]hen a defendant's sentence is enhanced by a prior conviction, the existence of the conviction must be found by the court"); *State v. Cons*, 208 Ariz. 409, 415, ¶ 15 (App. 2004) (holding that "prior convictions for sentence enhancement purposes must be established by clear and convincing evidence").

**¶17** Although the court erred, we need not remand for resentencing. At the sentencing hearing, the parties stipulated to the admission of a certified copy of Aulbach's pen pack, which listed 10 prior felony convictions and included his picture, fingerprints, and other information identifying Aulbach; the parties also stipulated to the admission of other exhibits showing sentencing documents for five of Aulbach's prior felony convictions, which included his name and either his correct date of birth or Social Security number. *See Morales*, 215 Ariz. at 61, ¶ 6 (explaining that a prior felony conviction is established by "the state offer[ing] in evidence a certified copy of the conviction" and by showing "the defendant as the person to whom the document refers" (internal

quotation omitted)). Aulbach does not challenge the authenticity of any of these exhibits.[5]

¶18 On this record, it is clear that Aulbach had at least two historical prior felony convictions. *See* A.R.S. § 13-105(22)(d) (designating "[a]ny felony conviction that is a third or more prior felony conviction" as a "[h]istorical prior felony conviction"); *State v. Garcia*, 189 Ariz. 510, 515 (App. 1997) ("[O]nce a person has been convicted of three felony offenses, the third in time can be used to enhance a later sentence, regardless of passage of time."). We therefore correct the sentencing minute entry to reflect that the State proved, and the court found, by clear and convincing evidence that Aulbach had two historical prior felony convictions. *See State v. Lopez*, 230 Ariz. 15, 18 n.2, ¶ 9 (App. 2012) ("When we can ascertain the trial court's intent from the record, we need not remand for clarification.").

**CONCLUSION**

¶19 After a thorough review of the record, we find no reversible error. *See Clark*, 196 Ariz. at 541, ¶ 50. Aulbach was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with Aulbach's constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Therefore, we affirm Aulbach's convictions and the resulting sentences, as modified.

¶20 Defense counsel's obligations pertaining to Aulbach's representation in this appeal have ended. *State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do no more than inform Aulbach of the outcome

---

[5] Although Aulbach admitted during trial that he had two prior felony convictions, he did not admit or stipulate that these convictions were historical prior felony convictions. *See* A.R.S. § 13-105(22) (listing the various ways in which a prior felony conviction may be deemed a historical prior felony conviction). At sentencing, prior to the superior court's implicit acceptance of the parties' stipulation, the court should have conducted a Rule 17.6 colloquy. *See Morales*, 215 Ariz. at 61, ¶ 10. Notwithstanding this omission, a remand is unnecessary. *See id.* at 61-62, ¶¶ 10-13 (finding no need to remand to the superior court for resentencing, despite the court's error in failing to engage in a Rule 17.6 colloquy, because "evidence conclusively proving [the defendant's] prior convictions [was] already in the record").

of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *Id.* at 584-85. Aulbach has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA