139 Ariz. 343 (1984)
678 P.2d 528
Emily PULLIAM, Petitioner/Appellant,
v.
Jack PULLIAM, Respondent/Appellee.
No. 2 CA-CIV 4871.
Court of Appeals of Arizona, Division 2.
February 23, 1984.
*344 Clinton L. Liechty, Tucson, for petitioner/appellant.
Lieberthal & Kashman, P.C. by Howard A. Kashman, Tucson, for respondent/appellee.
OPINION
BIRDSALL, Chief Judge.
The only issue involved in this appeal is the custody provision in the dissolution decree. The trial court found that it was in the best interests of the two children, ages one and five, that the appellee father be given their custody. Substantial evidence supports this decision and we will not disturb it on appeal. Not only do we find no abuse of discretion, the totality of the evidence supports the award. See Ward v. Ward, 91 Ariz. 296, 371 P.2d 1022 (1962).
The appellant makes three specific contentions which we must address:
1) A stipulation whereby the parties agreed that a counselor submitting a report would not be "subject to questioning or being called as a witness" was a due process violation;
2) The trial court erred in an evidentiary ruling, and
3) It was error to fail to send a copy of another evaluation report to counsel ten days prior to trial.
We find no merit in any of these contentions.
The Stipulation
Early in the proceedings counsel[1] stipulated that the matter of custody be referred to the child advocacy counselor and staff at the conciliation court to explore the possibility of a mutually satisfactory custody agreement. If no agreement were reached, then the counselor was to conduct a study and make a report and recommendation to the court with copies to counsel. The stipulation concluded that the court should consider the report in determining custody and/or visitation and that the counselor would not be subject to questioning or be called as a witness. An order approving the stipulation was entered.
The report was submitted July 10, 1982, to court and counsel. It recommended the custody and visitation which was subsequently contained in the decree. The report *345 reviewed the several contacts and interviews that the counselor had with the parties and children, various doctors and mental health persons and school personnel. The counselor also reviewed medical and school records and obtained completed character reference questionnaires from persons named by each of the parties.
The parties disagree as to whether the stipulation was pursuant to A.R.S. § 25-334(B), which provides:
"The court may seek the advice of professional personnel, whether or not employed by the court on a regular basis. The advice given shall be in writing and shall be made available by the court to counsel, upon request, under such terms as the court determines. Counsel may examine as a witness any professional personnel consulted by the court, unless such right is waived." (emphasis added)
or A.R.S. § 25-335, providing:
"A. In contested custody proceedings, and in other custody proceedings if a parent or the child's custodian so requests, the court may order an investigation and report concerning custodial arrangements for the child. The investigation and report may be made by the court social service agency, the staff of the juvenile court, the local probation or welfare department, or a private agency employed by the court for the purpose.
B. In preparing his report concerning a child, the investigator may consult any person who may have information about the child or his potential custodial arrangements.
C. The court shall mail the investigator's report to counsel at least ten days prior to the hearing. The investigator shall make available to counsel the names and addresses of all persons whom the investigator has consulted. Any party to the proceeding may call for examination the investigator and any person whom he has consulted." (emphasis added)
The appellant argues that this last sentence prohibits the stipulation which was made. We disagree. Under either statute the parties can effectively stipulate that the counselor shall not be called as a witness. The parties are bound by their stipulation unless relieved therefrom by the court. State v. Sorrell, 109 Ariz. 171, 506 P.2d 1065 (1973); Harsh Building Company v. Bialac, 22 Ariz. App. 591, 529 P.2d 1185 (1975); Industrial Park Corporation v. U.S.I.F. Palo Verde Corporation, 19 Ariz. App. 342, 507 P.2d 681 (1973). Not only are stipulations binding on parties, but they are favored by the law because they reduce the time of trial and narrow the issues. State v. Sorrell, supra, and Industrial Park Corporation v. U.S.I.F. Palo Verde Corporation, supra.
Generally, counsel may stipulate as to evidentiary matters such as the admission, exclusion or withdrawal of evidence from consideration. Board of County Commissioners of Garfield County v. Tenbrook, 491 P.2d 597 (Colo. App. 1971). In Tenbrook, the Colorado Court of Appeals found the trial court had properly excluded testimony of witnesses relating to matters encompassed by a stipulation. 491 P.2d at 600.
In fact, it has been held to be error if a trial judge does not honor a stipulation of the parties where a rule of evidence is waived. Second Baptist Church of Reno v. Mount Zion Baptist Church, 86 Nev. 164, 466 P.2d 212 (1970). In the latter case, counsel for the appellant stipulated to be bound by the outcome of an election, but then attempted to challenge the trial court's award in accordance with the election results. The court stated:
"Appellant can not now extricate itself from the force and effect of that stipulation. Stipulations are of an inestimable value in the administration of justice (Hayes v. State [109 N.H. 353] 252 A.2d 431 (N.H. 1969)), and valid stipulations are controlling and conclusive and both trial and appellate courts are bound to enforce them. Burstein v. United States, 232 F.2d 19 (8th Cir.1956); Foote v. Maryland Casualty Company, 409 Pa. 307, 186 A.2d 255 (1962); Pierson v. *346 Allen, 409 S.W.2d 127 (Mo. 1966); Bearman v. Camatsos, 215 Tenn. 231, 385 S.W.2d 91 (1964); Brookhart v. Haskins, 2 Ohio St.2d 36, 205 N.E.2d 911 (1965)." 466 P.2d at 217-218.
A party to an action cannot stipulate to one thing and then later change her mind and withdraw her consent. See Eisenson v. Eisenson, 158 Colo. 394, 407 P.2d 20 (1965). A stipulation made by previous counsel does not evaporate upon the retention of a new attorney. Marden v. International Association of Machinists and Aerospace Workers, 576 F.2d 576 (5th Cir.1978).
The appellant has given us no authority for the proposition that the parties cannot make the stipulation here involved. Nor are we referred to any portion of the record where present counsel, who was substituted after former counsel made the stipulation, ever asked to be relieved of the stipulation. Absent such a request, the trial court was never given any opportunity to rule and surely no error was committed.
The Evidentiary Ruling
The trial court denied the appellant's request to have one of her lay witnesses give her opinion as to who should have custody. The judge found that the witnesses' experience and contact with the parties was not sufficient to express an opinion. This ruling was within the discretion of the trial court and we find no abuse of that discretion.
The Other Report
The trial court (by Commissioner Kipps) ordered a study of appellant's home environment and conditions to be made by the Department of Economic Security in Maricopa County where she lived. This order was issued pursuant to A.R.S. § 25-335. A report was filed in the court file on October 14, 1982, pursuant to this order. No copies were sent to counsel. The report was open in the file so that anyone could read it. Trial was November 10 and December 7. The decree was entered February 1, 1983. In her motion for new trial appellant contended the failure to send that report to counsel was an irregularity depriving her of a fair trial. At the hearing on the new trial motion the court said he had not seen the report until after his decision and, in effect, re-opened the case so that the report could be considered. The court then, several days later, reaffirmed its decree and denied the new trial. The report was favorable to the appellant. We find neither error nor prejudice in this procedure.
Affirmed.
HATHAWAY and HOWARD, JJ., concur.
NOTES
[1] The appellant was represented by different counsel at that time.