NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JONAH SHACKNAI, *Petitioner/Appellant*,

*v.*

DINA MARIE SHACKNAI, *Respondent/Appellee*.

No. 1 CA-CV 13-0555 FC
FILED 6-16-2015

Appeal from the Superior Court in Maricopa County
No.  FC2008-008253
The Honorable James T. Blomo, Judge

**AFFIRMED**

COUNSEL

The Cavanagh Law Firm, P.A., Phoenix
By Christina S. Hamilton, William F. Begley
*Counsel for Petitioner/Appellant*

Owens & Perkins, P.C., Scottsdale
By Max Nicholas Hanson, Michelle J. Perkins
*Counsel for Respondent/Appellee*

_____

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

_____

**W I N T H R O P**, Judge:

**¶1**          Petitioner/appellant, Jonah Shacknai ("Husband"), appeals the family court's award of attorneys' fees to respondent/appellee, Dina Marie Shacknai ("Wife").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          On October 9, 2009, Husband and Wife were divorced pursuant to a consent decree.[1]  At that time, they entered a property settlement agreement ("PSA"), which contemplated the creation of two trusts for Wife's benefit.  The "Incentive Trust" was intended to hold stock shares, and the "Coronado Trust" was intended to hold real property in Coronado, California.  The PSA further provided the parties would engage their own professionals and be responsible for their own costs related to the creation of the trusts, and Wife would draft the initial documents, to be reviewed by Husband.

**¶3**          On April 3, 2012, the parties stipulated that, if good faith efforts did not result in an agreement on the trust terms by May 15, 2012, either party could petition the court to conduct a hearing at which the court would determine the terms of the trust.

**¶4**          On July 11, 2012, Wife filed an Expedited Application/Motion to Set Trust Issues for Hearing.  The court held a telephonic conference on September 20, 2012, at which Wife suggested the parties submit their positions to the court in writing and have the court rule on the matters still in dispute.  Husband expressed a preference to proceed by mediation, but

_____

[1]      In October 2009, the family court issued an order sealing the file in this case pursuant to the parties' stipulation.  *See* Ariz. R. Fam. Law P. 13(D); Ariz. R. Sup. Ct. 123(b)(2), (c)(1), (d).  On appeal, this court granted Husband's motion to maintain the sealed status of the case file, despite Wife's argument to the contrary.  This decision contains only the details deemed necessary by this court for resolution of Husband's appeal.

agreed to submit the matter to the court. The parties agreed to file a single document presenting their respective positions in the nature of a joint pretrial statement.

¶5 The parties' Joint Pre-Trial Statement and Argument Regarding Trust Issues for Court's Determination ("Joint Pretrial Statement") noted "counsel agreed to submit a black-lined Brief/Pre-Trial Statement to the Court with each party's argument brief limited to ten (10) pages. The Court shall then rule based on the submissions without further argument or hearing unless otherwise determined by the Court." The document identified four issues for the court's determination: (1) a dispute regarding language in the Incentive Trust, (2) a dispute regarding language in the Coronado Trust, (3) a dispute on the choice of trustee, and (4) a dispute regarding "[w]hether one party should pay the other party's attorneys' fees and costs." Counsel for each party signed the document.

¶6 In her argument for attorneys' fees, Wife maintained that, although Husband's net worth was not revealed in the divorce pursuant to a premarital agreement, Husband nevertheless had substantial assets and income, was the founder and CEO of a large pharmaceutical company, and would receive sizeable profits from the pending sale of that company. She attached documents printed from financial, business, and newspaper websites to support her statements.[2] Wife argued that, in comparison, she recently obtained her doctorate in psychology, was working part-time, and had considerably less income and assets. Wife also argued Husband had taken unreasonable positions in the creation of the trusts. She argued she had retained California counsel to draft the trust agreements because the real property was located in California and she knew Husband held assets in trusts in California. She further argued Husband's counsel had indicated the trusts would be California trusts. Wife asserted Husband rejected the drafts of the California trusts after months of intensive work and insisted the trusts be Arizona trusts, requiring Wife to hire new trust counsel in Arizona. She also argued Husband was unreasonable in his refusal to accept working drafts for discussion, insisting Wife approve all documents before submitting them to Husband and refrain from making any changes once given to Husband for review.

¶7 Husband argued Wife unreasonably delayed the drafting of the trusts and then took positions inconsistent with the terms of the PSA. Husband also advised the court that, pursuant to the consent decree, Wife

---

[2] Husband did not move to strike or otherwise challenge the admissibility or veracity of these documents.

had received a debt-free home, cash, and stock, and would receive additional assets under the trusts. Husband sought an award of fees of $27,270 for his divorce counsel and $110,940 for his trust counsel for the three years after entry of the consent decree.

¶8 The court ruled in favor of Wife regarding the disputed language in the Incentive Trust and the choice of trustee, and in favor of Husband regarding the disputed language in the Coronado Trust. With respect to attorneys' fees, the court found a substantial disparity of financial resources between the parties and that Husband had considerably more resources available to contribute to Wife's fees and costs. The court further found Husband had acted unreasonably in the litigation. Wife sought an award of $182,794.51 for fees and costs incurred in creating the trusts, including fees for divorce and trust counsel. The court awarded Wife $84,000 in fees and costs.

¶9 Husband filed a motion for new trial, arguing the court lacked sufficient evidence on which to base its decision on disparity of financial resources or reasonableness of positions, and that he was denied due process because the court did not conduct a hearing and he had no opportunity to respond to Wife's statements. Husband further argued the award did not comply with Rule 91, Ariz. R. Fam. Law P., because neither party had submitted the required Affidavit of Financial Information ("AFI"). He also argued the award did not comply with Arizona Revised Statutes ("A.R.S.") section 25-324 (Supp. 2014) because the court awarded fees incurred outside the "proceedings," and violated the PSA, which provided the parties would bear their own fees with respect to the trusts. Alternatively, Husband requested that the court make specific findings as to the unreasonable positions it believed he had taken in the litigation. The court denied Husband's motion for new trial without explanation, and Husband appealed. This court has jurisdiction pursuant to A.R.S. § 12-2101(A)(2) and (5)(a) (Supp. 2014).

## ANALYSIS

¶10 Husband asserts several arguments against the family court's award of attorneys' fees to Wife under A.R.S. § 25-324. Whether to award fees pursuant to § 25-324 and the amount to be awarded is within the discretion of the family court. *Roden v. Roden*, 190 Ariz. 407, 412, 949 P.2d 67, 72 (App. 1997), *superseded in part by statute as stated in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8, 333 P.3d 818, 821 (App. 2014). We will not disturb the court's award of fees absent an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011).

4

### I. *Was the Fee Award Erroneous for Noncompliance with Rule 91(S)?*

**¶11**       Husband argues the family court lacked jurisdiction or legal authority to enter an award because Wife failed to comply with Rule 91(S), Ariz. R. Fam. Law P. Rule 91(S) requires that a party seeking attorneys' fees submit an AFI, which must be served on the opposing party with a blank form for the other party to complete. Although Wife did not comply with the rule, the court did not lack jurisdiction or the legal authority to award fees.

**¶12**       Subject matter jurisdiction is the right of a court to exercise power over a certain class of cases. *Lee v. Lee*, 133 Ariz. 118, 125, 649 P.2d 997, 1004 (App. 1982) (citations omitted). Divorce is a statutory action, and the family court has only the authority given it by statute. *Hunt v. Hunt*, 22 Ariz. App. 554, 556, 529 P.2d 708, 710 (1974). By statute, the court has original jurisdiction over all matters related to marriage dissolution, including any award of attorneys' fees. A.R.S. §§ 25-311(A) (2007), -324.

**¶13**       Rule 91(S) requires the filing of an AFI; however, we see nothing in the rule, and Husband has directed us to nothing, suggesting noncompliance with Rule 91(S) divests the family court of jurisdiction to consider an attorneys' fees request.

**¶14**       Further, by himself seeking fees without filing an AFI and by proceeding without objecting to Wife's failure to supply an AFI, Husband has waived any objection. *See State ex rel. Horne v. Campos*, 226 Ariz. 424, 429-30, ¶ 21, 250 P.3d 201, 206-07 (App. 2011) ("[A]ny litigant . . . can waive by conduct its right to object to an adverse party's failure to comply with statutory, constitutional, contractual, and procedural requirements." (citations omitted)). The parties' Joint Pretrial Statement expressly provides: "The Court shall then rule [on the specified issues, including fees] based on the submissions without further argument or hearing unless otherwise determined by the Court." By agreeing to submit the Joint Pretrial Statement to the family court for a decision, Husband waived his right to object to Wife's failure to comply with the procedural requirements of Rule 91(S).

### II. *Was the Fee Award Erroneous for Lack of an Evidentiary Hearing?*

**¶15**       Husband also argues the family court abused its discretion by awarding fees without conducting an evidentiary hearing. We conclude Husband has waived any right to an evidentiary hearing.

¶16        Parties may enter stipulations regarding statutory and constitutional rights, as well as evidentiary matters. *See Rich Hardware Co., Crunden-Martin Mfg. Co. v. Christy*, 22 Ariz. 254, 260, 196 P. 454, 456 (1921); *Pulliam v. Pulliam*, 139 Ariz. 343, 345, 678 P.2d 528, 530 (App. 1984). Such stipulations are generally binding on the parties. *Rich Hardware*, 22 Ariz. at 260, 196 P. at 456; *Pulliam*, 139 Ariz. at 345, 678 P.2d at 530.

¶17        Husband denies he agreed to waive his right to an evidentiary hearing on the matter of attorneys' fees. Again, the language of the Joint Pretrial Statement refutes Husband's claim. As we have noted, the Joint Pretrial Statement expressly provides that the court "shall" rule on the issues specified in the statement based on the parties' submissions without further argument or hearing unless otherwise determined by the court. Whether attorneys' fees should be awarded was expressly identified as one of the issues to be decided by the court. Husband used three of the ten pages allowed for his brief to argue Wife had taken unreasonable positions and had resources to pay attorneys' fees, and Husband even sought an award of fees for himself. He did not, even in the alternative, argue the court lacked evidence to make a fee award, nor did he request an evidentiary hearing.

¶18        Husband clearly stipulated to have the question of attorneys' fees decided by the court based on the information provided by each party without an additional evidentiary hearing. Husband cannot agree to a certain procedure, fail to preserve any objection, actively participate, seek relief for himself, and then claim error in the process when the court acts in accordance with the parties' agreement but rules against Husband. *See Thorn v. Thorn*, 235 Ariz. 216, 224, ¶ 35, 330 P.3d 973, 981 (App. 2014) (stating that the appellant could not persuade the court to follow a certain approach, and then argue on appeal that approach was erroneous).

¶19        Husband cites *Volk v. Brame*, 235 Ariz. 462, 333 P.3d 789 (App. 2014), in support of his argument that he was entitled to an evidentiary hearing and the court could not simply rely on the submitted documents. In *Volk*, the family court allotted fifteen minutes for a hearing, refused to increase the allotted time despite requests first from Father and then from Mother prior to the hearing and from Mother at the outset of the hearing,[3] allowed counsel for Father and then Mother to briefly argue, directed the parties to submit documents, refused to allow testimony, prevented Father from disputing or clarifying any evidence submitted by Mother, and told

---

[3] The hearing did ultimately last thirty-one minutes. *Volk*, 235 Ariz. at 466, ¶ 11, 333 P.3d at 793.

the parties it would make a decision based on the documents submitted. *Volk*, 235 Ariz. at 465-66, ¶¶ 4-11, 333 P.3d at 792-93. This court held that, when a court is addressing a disputed issue requiring an assessment of credibility, due process requires the court to afford the parties an opportunity to present sworn testimony. *Id.* at 464, ¶¶ 1-2, 333 P.3d at 791. The court may not rely solely on avowals of counsel. *Id.* at ¶ 1.

**¶20** Unlike in *Volk*, however, the parties here agreed to submit the matter to the court for determination based on the submissions. Although it recommended caution in doing so, *Volk* acknowledged parties could stipulate to proceed without an evidentiary hearing. *Id.* at 470, ¶ 23, 333 P.3d at 797.

**¶21** The parties here agreed to proceed without an evidentiary hearing unless the court found one necessary. Having stipulated to the procedure followed by the court, Husband cannot now claim the procedure was in error.

### III. Did the PSA Preclude an Award of Fees?

**¶22** Husband argues that the PSA provided the parties would bear their own fees related to the dissolution and establishment of the trusts, the PSA was incorporated into the decree, the court was bound by the agreement, and therefore the court lacked jurisdiction to enter an award of attorneys' fees in favor of Wife. Husband is mistaken.

**¶23** Arizona courts have held that the family court's authority to award fees pursuant to A.R.S. § 25-324 is not abrogated or limited by an agreement between the parties. *See Edsall v. Superior Court*, 143 Ariz. 240, 248-49, 693 P.2d 895, 903-04 (1984), *superseded in part by statutory amendment to A.R.S. § 25-324(A)*; *Atkinson v. Atkinson*, 2 Ariz. App. 1, 4, 405 P.2d 919, 922 (1965). The family court was not precluded by the terms of the PSA from entering an award of attorneys' fees.

### IV. Did the Fee Award Exceed the Parameters of A.R.S. § 25-324?

**¶24** Husband argues the court awarded fees beyond those authorized by A.R.S. § 25-324. We disagree.

**¶25** The family court, "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings," may enter an award of attorneys' fees "for the costs and expenses of maintaining or defending any proceeding" under the statutes governing marital dissolution and child custody. A.R.S. § 25-

324(A). "[C]osts and expenses may include attorney fees, deposition costs and other reasonable expenses as the court finds necessary to the full and proper presentation of the action . . . ." A.R.S. § 25-324(C).

¶26          Husband argues the "proceedings" related to the trusts began when Wife filed her motion to set a hearing on the trust issues in July 2012. Until that time, he argues, the parties had by agreement negotiated with the intent to resolve the trust issues between themselves, without court involvement, and with each party paying his or her own professional fees. Husband contends any fees or expenses incurred before Wife filed her motion, including the fees of Wife's trust counsel, may not be awarded under the statute, and the court therefore erred by including such fees in its award.

¶27          Husband's argument is undercut by his having taken a contrary position when presenting the matter to the family court. In the Joint Pretrial Statement, Husband argued Wife had taken unreasonable positions and unreasonably delayed for the three years they negotiated the trust terms after entry of the consent decree. Husband advised the court:

> Husband has incurred attorneys' fees and costs with counsel undersigned of $27,270.00 during that period of time; and has incurred attorneys' fees of $110,940.00 during that period of time with trust counsel . . . . Husband requests that Wife be ordered to pay his attorneys['] fees and costs that have generated as a result of trying to document the trust because Wife's positions have been unreasonable and have unnecessarily increased the cost of the litigation.

Husband attached billing statements dating from October 2009. Wife similarly argued Husband was unreasonable during the negotiation of the terms of the trust and sought fees incurred in the creation of the trust for her divorce counsel and trust counsel for the three-year negotiation period. Husband now argues that, under the statute, the court could not make an award to Wife of fees incurred by her trust counsel or fees incurred before July 2012, despite the fact that Husband requested such relief for himself.

¶28          Even if A.R.S. § 25-324 could be construed as Husband suggests, in this case Husband submitted the issue to the court seeking the relief he now complains was improper, thereby implicitly advising the court that such an award was permissible under the statute. If the court erred, the error was invited by Husband (as well as Wife). *See Schlecht v. Schiel*, 76 Ariz. 214, 220, 262 P.2d 252, 256 (1953) ("By the rule of invited

error, one who deliberately leads the court to take certain action may not upon appeal assign that action as error."), *abrogated in part on other grounds as recognized in A Tumbling-T Ranches v. Paloma Inv. Ltd. P'ship*, 197 Ariz. 545, 552, ¶ 23, 5 P.3d 259, 266 (App. 2000). Husband's position in the family court reflected an acknowledgement or understanding that the concept of "proceedings" was broad enough to include all of the activities and events concerning the development and resolution of the trust issues, and was not so narrowly understood by the parties as Husband now argues.[4]

> *V.      Was the Fee Award an Abuse of Discretion?*

**¶29**        Husband argues that, even if the court could award fees based on the record before it, the court abused its discretion in doing so, and he argues the award should be vacated or reduced to cover only a portion of those fees incurred after July 2012. The family court may award attorneys' fees after considering the financial resources of the parties and the reasonableness of the positions the parties have taken. A.R.S. § 25-324(A). The purpose of the statute is to provide a remedy for the party least able to pay. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 524, ¶ 13, 169 P.3d 111, 114 (App. 2007). Relative financial disparity between the parties, not an inability to pay, determines eligibility for a fee award. *Magee v. Magee*, 206 Ariz. 589, 593, ¶ 18, 81 P.3d 1048, 1052 (App. 2004). Either disparity of income or unreasonable conduct can support an award of fees. *Mangan v. Mangan*, 227 Ariz. 346, 353 n.13, ¶ 27, 258 P.3d 164, 171 n.13 (App. 2011). We will not disturb the court's decision to award attorneys' fees under A.R.S. § 25-324 absent an abuse of discretion. *MacMillan*, 226 Ariz. at 592, ¶ 36, 250 P.3d at 1221.

**¶30**        The record supports the court's finding of a disparity of income, which supports the court's fee award. A 2009 Child Support Worksheet and Husband's January 2009 AFI show Husband had an estimated gross monthly income of $175,142, while Wife had an estimated gross monthly income of $3,000. Wife also submitted copies of news articles reporting Securities and Exchange Commission filings showing that, in August 2010, Husband sold 400,000 shares of the company of which he was CEO for more than $10,600,000, and that he still had 870,000 shares after the sale. A printout of a profile by *Forbes* magazine listed Husband's salary for

---

[4]        The applicable legal precept here may be summarized by the ancient rule of "sauce for goose." *See AMERCO v. Shoen*, 184 Ariz. 150, 164 n.16, 907 P.2d 536, 550 n.16 (App. 1995) ("The Oxford English Dictionary 128 (1933) cites Collier *2d Def. Short View* 37 (1700) as its earliest source for the proverb, 'What's sauce for the goose is sauce for the gander.'").

2011 as $1,181,000 and estimated total compensation for that year as $19,636,817. A September 2012 article indicated the company would be sold for $2.6 billion, resulting in a return for Husband of $41,000,000 based on his stock shares and ignoring his existing stock options. Wife asserted she earned approximately $18,000 per year and declared her own net worth to be "approximately $1,900,000 in an investment account and the Arizona residence in which she resides." Husband pointed out that, pursuant to the consent decree, Wife received her home debt-free and a cash payment of $2,900,000, she had already received stock valued at more than $1,000,000, and she could potentially receive another $6,200,000 in assets through the trusts. Although Wife is certainly not without resources, Husband clearly has substantially more financial resources available.

¶31 Husband argues both parties are multi-millionaires, but he does not dispute that a relative disparity exists. Further, although more recent AFIs are generally required, *see, e.g., Breitbart-Napp v. Napp*, 216 Ariz. 74, 84, ¶¶ 38-39, 163 P.3d 1024, 1034 (App. 2007) (finding a three-year-old AFI for Wife and eight-month-old AFI for Husband were by themselves "inadequate" to support an award of fees), the family court needs only "competent" evidence to support an award of attorneys' fees. *Badertscher v. Badertscher*, 10 Ariz. App. 501, 506, 460 P.2d 37, 42 (1969) (citation omitted), *abrogated by statute on other grounds as recognized in Bryan v. Bryan*, 132 Ariz. 353, 357 n.4, 645 P.2d 1267, 1271 n.4 (App. 1982), *disapproved by Finck v. O'Toole*, 179 Ariz. 404, 406-07, 880 P.2d 624, 626-27 (1994). Given the unique circumstances under which the parties presented this matter to the court for decision - specifically, their agreement to allow the court to decide the fee issue based on the parties' submissions - the submissions were adequate to support the court's fee award.[5]

¶32 Husband argues any award should be limited to the time period after July 2012, when Wife filed her motion to set a hearing on the trust issues. This is essentially a reiteration of Husband's earlier argument that the "proceedings" for purposes of A.R.S. § 25-324 did not begin until

---

[5] As we have recognized, the family court also found Husband acted unreasonably in the litigation. Husband argues that no basis exists for this finding, but we need not and do not address Husband's argument because the extreme disparity in the parties' incomes alone supports the court's award of fees in this case. *See Mangan*, 227 Ariz. at 353 n.13, ¶ 27, 258 P.3d at 171 n.13; *MacMillan*, 226 Ariz. at 592, ¶ 37, 250 P.3d at 1221 (recognizing that, although the family court may consider whether a party has adopted unreasonable positions, "the intent of A.R.S. § 25-324 is to assure a remedy for the party least able to pay").

Wife filed her motion. We have already rejected this argument. Accordingly, we find no abuse of discretion in the award of attorneys' fees to Wife.

### VI. *Should This Court Award Attorneys' Fees on Appeal?*

**¶33** Wife requests an award of costs and attorneys' fees on appeal. We award Wife her taxable costs incurred on appeal. Further, because Husband has taken unreasonable positions on appeal by claiming errors in the procedure to which he agreed in the family court, we award Wife an amount of reasonable attorneys' fees to be determined upon compliance with Rule 21, ARCAP.

### CONCLUSION

**¶34** The family court's award of attorneys' fees to Wife is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama