NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MIDLAND FUNDING LLC, *Plaintiff/Appellee*,

*v.*

YARED AMELGA, *Defendant/Appellant*.

No. 1 CA-CV 15-0510
FILED 10-20-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-095695
The Honorable David King Udall, Judge

**AFFIRMED**

COUNSEL

Bursey & Associates PC, Tucson
By Barry Bursey, Peter M. Balsino
*Counsel for Plaintiff/Appellee*

Yared Amelga, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding
Judge Kenton D. Jones and Judge Randall M. Howe joined.

**K E S S L E R**, Judge:

¶1        Yared Amelga ("Amelga") appeals the entry of judgment against him in a collection action arising from his credit card debt. He argues the superior court erred by applying the wrong statute of limitations, and he challenges the sufficiency of the evidence supporting the judgment. For the following reasons, we affirm.[1]

## FACTUAL AND PROCEDURAL HISTORY

¶2        In 2013, Midland Funding LLC ("Midland") sued Amelga for breach of contract, alleging a default on a credit card account with Citibank, Midland's predecessor-in-interest. Midland alleged Amelga owed approximately $13,000. Amelga denied knowledge of the relevant account and later claimed he presumed the balance had been expunged due to Citibank's alleged failure to communicate with him for the previous five years. Amelga moved for summary judgment, arguing in part that Arizona Revised Statutes ("A.R.S.") § 12-543 (2016)[2] barred Midland's claims because Midland could not produce a signed contract,[3] and that Midland's proffered evidence was inadmissible. The court denied his motion.

¶3        At trial, the parties stipulated to the admission of all exhibits. Midland produced the bill of sale and assignment evidencing its purchase of Amelga's account from Citibank; documents from the sale showing Amelga's personal information associated with the account and the account's balance, last payment date, and opening and charge off dates; billing statements Citibank had sent Amelga; and notices of new ownership

---

[1]        At trial, the superior court amended Midland's complaint because it had misidentified Amelga's wife. *See* Ariz. R. Civ. P. 15(b) (allowing amendment of pleadings to conform to the evidence). However, the court did not enter judgment against Amelga's wife because she was neither present nor served. *See* Ariz. R. Civ. P. 4(f) (providing appearance in open court "shall have the same force and effect as if a summons had been issued and served"), 5(b) (stating plaintiff may only proceed against served defendants). Accordingly, we affirm the superior court's judgment as against Amelga in his sole and separate capacity only.

[2]        We cite the current version of statutes unless changes material to this decision have occurred.

[3]        Section 12-543 provides a three-year limitation period for actions in which the indebtedness is not evidenced by a contract in writing.

and collection that Midland's credit manager had sent Amelga. Amelga did not object to any of the exhibits, and he did not deny entering into a contract for the credit card account. He only disputed the amount owed, but he did not provide any evidence of an alternative amount.

¶4        The superior court found Midland proved its breach of contract claim beyond a preponderance of the evidence. Amelga timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION

¶5        Amelga argues the superior court erred by applying the wrong statute of limitations. He also asserts insufficient or inadmissible evidence supported the judgment.

I.        Statute of Limitations

¶6        Amelga contends the superior court should have applied A.R.S. § 12-543 rather than A.R.S. § 12-548 because Midland failed to prove (1) the existence of a signed contract, or (2) that Amelga was a "cardholder" pursuant to A.R.S. § 13-2101(2) (2016).[4] We review a superior court's application of a statute of limitations de novo. *Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240, 241, ¶ 1 (App. 2000).

¶7        Section 12-548 sets a six-year limit on actions for debt "if the indebtedness is evidenced by or founded on *either . . .* [a] contract in writing that is executed in this state [or a] credit card as defined in § 13-2101, paragraph 3, subdivision (a)." A.R.S. § 12-548(A)(1)-(2) (emphasis added);

---

[4]        "'Cardholder' means any person who is either: (a) Named on the face of a credit card to whom or for whose benefit the credit card is issued by an issuer. (b) In possession of a credit card with the consent of the person to whom the credit card was issued." A.R.S. § 13-2101(2).

*see* A.R.S. § 13-2101(3)(a).[5]  Thus, A.R.S. § 12-548 does not require proof of a written contract if the plaintiff proves a credit card was the basis for the debt.

**¶8**　　　　　Here, the parties stipulated to the admission of documents showing Amelga entered into a contract for the credit card account. Amelga did not dispute entering into the contract.  The documents showed the indebtedness was "evidenced or founded upon a credit card," therefore the superior court did not err in applying A.R.S. § 12-548 to Midland's action.

II.　　　Sufficiency of the Evidence

**¶9**　　　　　Amelga asserts that no evidence, or alternatively that no admissible evidence, supported the verdict. He argues: (1) the court's finding that he admitted to entering into the contract for the credit card shifted the burden of proof, violating due process; (2) his admission did not prove he was "[n]amed on the card" or was "in possession of the credit card with the consent" of the person to whom it was issued as required by A.R.S. § 13-2101(2); and (3) Midland's evidence was inadmissible hearsay.  We review a trial court's ruling on the admissibility of evidence for abuse of discretion, and we review purely legal issues de novo.  *State v. Newell*, 212 Ariz. 389, 404, ¶ 73 (2006) (internal quotation marks and citations omitted).

**¶10**　　　　As an initial matter, we will not address Amelga's arguments regarding admissibility of the evidence because Amelga stipulated to the evidence's admission.  *See Pulliam v. Pulliam*, 139 Ariz. 343, 345-46 (App. 1984) (observing "counsel may stipulate as to evidentiary matters such as the admission . . . of evidence" however "[a] party to an action cannot stipulate to one thing and then later change her mind and withdraw her consent"); *see also Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 374, ¶ 13 (App.

---

[5]　　　　"Any instrument or device, whether known as a credit card, charge card, credit plate, courtesy card or identification card or by any other name, that is issued with or without fee by an issuer for the use of the cardholder in obtaining money, goods, services or anything else of value, either on credit or in possession or in consideration of an undertaking or guaranty by the issuer of the payment of a check drawn by the cardholder, on a promise to pay in part or in full therefor at a future time, whether or not all or any part of the indebtedness that is represented by the promise to make deferred payment is secured or unsecured." A.R.S. § 13-2101(3)(a).

2004) (citation omitted) (stating an argument not raised at trial is waived on appeal).

¶11 In light of the stipulated documents and Amelga's own admissions, Amelga's remaining arguments cannot stand. He admitted at trial and in his own briefs that he entered into the contract, and he expressly stated that he only disputed the amount. It is fruitless for Amelga to argue the court erred in finding he said something that both the record and his briefs indicate he did in fact say.

¶12 Additionally, Midland did not need to prove Amelga was "[n]amed on the card" or was "in possession of the credit card with the consent" of the person to whom it was issued pursuant to A.R.S. § 13-2101(2). "It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, ¶ 30 (App. 2004) (citations omitted). Thus, A.R.S. § 13-2101(2) is inapposite to Midland's claim. Additionally, Midland did not need to present a copy of the credit card or a signed credit card agreement to prove the existence of the contract because use of a credit card is sufficient to bind a cardholder to the terms and conditions of the account. *See* A.R.S. § 44-7802. Midland produced documents showing Amelga's personal information associated with the account and the account's balance, last payment date, and opening and charge off dates. Amelga neither objected to any of the exhibits nor denied entering into the contract for the account. Midland therefore presented sufficient evidence to meet its burden, Amelga effectively admitted the essential elements of Midland's claim, and the superior court did not err in finding sufficient evidence to support the judgment.

## CONCLUSION

¶13 For the foregoing reasons, we affirm the superior court.



AMY M. WOOD • Clerk of the Court
FILED: AA