NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LIZ JUDITH ROMO ALEMAN, *Appellant*.

No. 1 CA-CR 18-0323
FILED 2-5-2019

Appeal from the Superior Court in Yavapai County
No.  P1300CR201601595
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

M. Alex Harris, P.C., Chino Valley
By M. Alex Harris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

M O R S E, Judge:

¶1          Liz Judith Aleman ("Aleman") appeals her convictions and sentences for two counts of sale or transportation of narcotic drugs (Counts 1 and 2) and two counts of possession of drug paraphernalia (Counts 3 and 4).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          On December 21, 2016, a sergeant with the Yavapai County Sheriff's Office (the "Sergeant") pulled over a car driven by Aleman. Aleman was the sole occupant of the car.

¶3          Following the traffic stop, the Sergeant asked Aleman for permission to search the car.  Aleman declined the request but agreed to let the Sergeant "pass [his] dog around" the vehicle.  The Sergeant's dog alerted to the right rear passenger door.  The Sergeant subsequently searched the entire vehicle and discovered a can of air freshener, and 12.5 pounds of cocaine and 2.5 pounds of heroin that were hidden in vacuum sealed packages inside the rear passenger and driver-side doors.

¶4          Before trial, Aleman moved to preclude any testimony from the Sergeant regarding drug-courier profiling and the "modus operandi" of drug-trafficking organizations.  At trial, however, Aleman stipulated that the Sergeant was "permitted to testify about the importance of his observation of an air freshener spray can or aerosol that was in the vehicle in regard to how it can be used as a masking agent in his training and experience."  During the trial, and without objection, the Sergeant testified that, based on his training and experience, many suspects agree to canine sniffs because they are confident that the odors of narcotics will be masked through various methods, including air fresheners.  The Sergeant also testified that the drugs found in Aleman's car were worth approximately $150,000 wholesale and $545,000 street value.

**¶5**      The jury found Aleman guilty on all counts.  The court sentenced Aleman to concurrent terms of four years' imprisonment for Counts 1 and 2, and 6 months' imprisonment for Counts 3 and 4.

**¶6**      Aleman timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 13-4031 and -4033(A)(1).

## DISCUSSION

**¶7**      "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, n.2 (App. 2015).

**¶8**      Aleman raises two arguments on appeal.  First, Aleman argues that the superior court erred by allowing testimony of expert nature by the Sergeant without qualifying him as an expert pursuant to Arizona Rule of Evidence ("Rule") 702.  Because the State failed to establish the Sergeant as an "expert," Aleman asserts that this testimony was inadmissible.  Second, Aleman argues that the superior court erred in applying an 83% surcharge to her fines.  She asserts that the 83% surcharge is more than authorized by statute.

## I.      Waiver

**¶9**      An appellant's opening brief must include, for each issue, the applicable standard of appellate review with citations to supporting legal authority and references to the records on appeal.  Ariz. R. Crim. P. 31.10(a)(7).  An opening brief must also include significant arguments setting forth an appellant's position on each issue raised. *See State v. Carver*, 160 Ariz. 167, 175 (1989).  Here, although Aleman mentions Rule 702 in her opening brief, she does not develop her arguments, cite to relevant legal authority, provide any record citations, or identify specific statements or facts to support her claims.  Notably, Aleman does not identify, cite to, or quote any specific testimony by the Sergeant as a basis for her appeal.  Because Aleman's contentions are not sufficiently developed, she has waived her claims on appeal.[1] *See State v. Moody*, 208 Ariz. 424, 454, ¶ 101, n.9 (2004) ("Merely mentioning an argument is not enough: 'In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.  Failure to argue a claim usually constitutes abandonment and waiver of that claim.'") (citation

---

[1]      In her reply brief, Aleman argues for the first time that the State improperly presented drug-profiling evidence through the Sergeant.

omitted); *see also State v. Linder*, 227 Ariz. 69, 70, ¶ 3, n.1 (App. 2010) (finding waiver of arguments that were raised in a reply brief but not advanced in the opening brief).

## II.  Invited Error

**¶10**        Even if Aleman's arguments were not waived pursuant to Arizona Rule of Criminal Procedure 31.10(a)(7), Aleman invited any error when she stipulated to the admission of the Sergeant's testimony regarding the relevance of the air freshener. *See State v. Parker*, 231 Ariz. 391, 405, ¶ 61 (2013) (finding that a defendant's stipulation to admit evidence "preclude[d] him from asserting on appeal that [the] admission was error"); *see also State v. Logan*, 200 Ariz. 564, 565-66, ¶¶ 8-9, 15 (2001) (refusing to consider claims of error in a jury instruction when the trial court gave the instruction as requested by the defendant).  Here, after Aleman initially moved to preclude certain testimony, the parties agreed, and defense counsel stipulated that the Sergeant could "testify about the importance of" the air freshener as a masking agent.

**¶11**        Because Aleman stipulated to allow the Sergeant's testimony on the air freshener, Aleman cannot now complain that the court erred by allowing such testimony.  *See State v. Walton*, 159 Ariz. 571, 583 (1989) (holding that because the defendant "stipulated to the foundation for admitting [a] gun into evidence . . . he cannot now complain of insufficient foundation").  Aleman is "bound by [her] stipulation unless relieved therefrom by the court," *Pulliam v. Pulliam*, 139 Ariz. 343, 345 (App. 1984), and we will not consider her claim regarding the Sergeant's testimony about masking agents.

## III.  Surcharge

**¶12**        Aleman further argues that the superior court erred by implementing an 83% surcharge on her fines and fees.  She contends that the surcharge should have totaled 73%.  Aleman incorrectly analyzed the applicable statutes authorizing surcharges.  Aleman failed to include A.R.S. § 16-954(A), which included an additional 10% surcharge to be imposed on all criminal fines collected pursuant to A.R.S. § 12-116.01.  Because A.R.S. §§ 12-116.01(A), -116.01(B), -116.01(C), and -116.02(A) apply to Aleman's fines and fees, the court correctly imposed the statutorily authorized surcharge.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm Aleman's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA