NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ASHLEY MAE WIDNER,
*Petitioner/Appellant*,

*v.*

COREY JOSEPH REILLY,
*Respondent/Appellee*.

No. 1 CA-CV 20-0255 FC
FILED 4-27-2021

Appeal from the Superior Court in Yavapai County
No. P1300DO201900576
The Honorable Joseph P. Goldstein, Judge *Pro Tempore*

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Brown Hanna & Mull PLLC, Prescott
By John G. Mull
*Counsel for Petitioner/Appellant*

Sullivan Law Office PLLC, Mesa
By Dianne Nicole Sullivan
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

¶1		Ashley Mae Widner ("Mother") appeals the superior court's orders on parenting time and child support. We affirm the court's parenting time order and reverse and remand for the superior court to address the child support order.

## FACTS AND PROCEDURAL BACKGROUND

¶2		Mother and Corey Joseph Reilly ("Father") are the biological parents of a daughter ("Daughter") born in 2014. Parents voluntarily shared parenting time until 2019. At that time, Mother petitioned the superior court to establish paternity and modify parenting time, legal decision-making and child support. Father admitted paternity. Mother and Father stipulated to joint legal decision-making.

¶3		After a trial, the court awarded Mother parenting time on alternate weekends and school breaks. Father had the children for the balance of the time. The court also awarded Father $355 per month in child support. Mother timely appeals. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶4		We review the superior court's orders on legal decision-making and parenting time for an abuse of discretion. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002).

¶5		Mother raises three issues on appeal. She first argues the superior court failed to apply the presumption against joint legal decision-making under A.R.S. § 25-403.04, which creates a rebuttable presumption that joint legal decision-making conflicts with a child's best interests if a parent has abused drugs or alcohol within 12 months before the petition or request for legal decision-making was filed. But Mother stipulated to joint legal decision-making, and her stipulation is binding. *See Pulliam v. Pulliam*, 139 Ariz. 343, 345 (App. 1984). The court did not abuse its discretion.

**¶6**     Mother next argues the court erroneously awarded father the majority of the parenting time because it was not in Daughter's best interests.  Section 25-403(A) requires the court to consider certain factors when evaluating a child's best interests for parenting time purposes.  The court addressed each of the statutory factors here in its written order.  *See* A.R.S. § 25-403.  Father had experience as the parent with a majority of the parenting time.  Mother conceded he was a good parent.  Daughter had extended family near Father's home and attended an A+ school with her cousins.  We find no abuse of discretion.

**¶7**     Finally, Mother contends the court erroneously awarded child support to Father.  All parents owe a duty of support to their children. *See* A.R.S. § 25-501.  We review child support awards for an abuse of discretion.  *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018).  Father conceded error on $120 of the $355 monthly award because he has no childcare expenses.  We remand the child support award for correction.

## CONCLUSION

**¶8**     We affirm the superior court's parenting time order, but reverse and remand for the court to correct the child support order as described above.  Mother and Father also seek their attorney fees under A.R.S. § 25-324.  Because both parents earn a similar income and neither parent asserted unreasonable arguments, we deny both attorney fee requests in our discretion.

