NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOSHUA RYAN CHRISTENSEN, *Appellant.*

No. 1 CA-CR 21-0292
FILED 4-28-2022

---

Appeal from the Superior Court in Mohave County
No.  S8015CR201900697
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Harris & Winger PC, Flagstaff
By Sarah Snelling
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

_____

**B R O W N**, Judge:

¶1        Joshua Ryan Christensen appeals his convictions and sentences for kidnapping and attempted sexual assault. Because he has not shown that reversible error occurred, we affirm.

## BACKGROUND

¶2        Seven-year-old M.B. was walking home from school along a residential street when Christensen began following him on foot. Christensen then ran toward M.B., put his hand on M.B.'s shoulder, and guided the boy to the side of the road where Christensen proceeded to strip off M.B.'s clothes while "holding him down." The attack ended when M.B.'s parents pulled up in a vehicle and threatened to call police. A neighbor's security camera captured the incident on video.

¶3        The State charged 25-year-old Christensen with kidnapping, a class two felony, and attempted sexual assault, a class three felony. Before trial, the superior court granted Christensen's motion under Arizona Rule of Criminal Procedure ("Rule") 11 and appointed two experts—Drs. Laurence Schiff and Mark Harvancik—to evaluate both Christensen's competency to stand trial and his mental status at the time of the offense.

¶4        The experts provided differing opinions regarding Christensen's competency, and the court found Christensen was incompetent but restorable. *See* Rule 11.5(b)(2). After Christensen received restoration treatment for approximately ten weeks, the court found he was restored to competency.

¶5        Christensen waived his right to a jury and raised a defense of guilty except insane ("GEI") under A.R.S. § 13-502. At a bench trial, the court found Christensen guilty of both charges and rejected his GEI defense. Noting that the State did not allege aggravating circumstances, the court subsequently imposed a presumptive 17-year prison term for the kidnapping conviction to be followed by lifetime probation for the

attempted sexual assault conviction. Christensen timely appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

### A.    Other-Act Evidence

**¶6**    At the outset of the bench trial, Christensen stipulated to the admission of several items of evidence, including the police report documenting the charged offenses. The report included statements made by Christensen, his mother, and his caregiver, alluding to prior instances where Christensen had committed similar acts. At trial, the officer who wrote the report confirmed that these statements were made to him. When asked on direct whether he had discussed prior instances of similar acts with the caregiver, defense counsel objected on Rule 404 and hearsay grounds, which the court overruled, because the statements were in the police report that had already been admitted.

**¶7**    Christensen argues, for the first time on appeal, that the court erred in admitting the police report, asserting it included "multiple instances of hearsay" and violated Rules 404(b) (prohibiting the introduction of prior act evidence to prove character traits) and 403 (prohibiting the admission of evidence that presents the danger of being unfairly prejudicial). However, Christensen stipulated to the admission of the police report. *See Pulliam v. Pulliam,* 139 Ariz. 343, 345 (App. 1984) ("[Parties] may stipulate as to evidentiary matters such as the admission, exclusion or withdrawal of evidence from consideration."). Generally, "parties are bound by their stipulation unless relieved therefrom by the court." *Id.* Thus, Christensen cannot claim error from the admission of the police report on appeal. *See State v. Rockwell*, 161 Ariz. 5, 10 (1989) ("Usually, a stipulation waives defendant's right to object to the evidence on appeal."); *Gustafson v. Riggs*, 10 Ariz. App. 74, 76 (1969) ("The stipulation of evidence into the record . . . waives any error arising from the introduction of the evidence itself.").

**¶8**    Christensen also argues the court erred in allowing the police officer to testify about the statements in his report. But as the court noted, those statements had already been admitted as part of the police report, and the officer merely confirmed what was already in it. Thus, even if it was error to allow this testimony, it was harmless. *See State v. Williams*, 133 Ariz. 220, 226 (1982) (the erroneous admission of evidence that is "entirely cumulative constitute[s] harmless error").

## B.    Defense of Guilty Except Insane

**¶9**        Christensen argues the superior court erred by rejecting his GEI defense.  We review the court's ruling for an abuse of discretion.  *State v. Zmich*, 160 Ariz. 108, 111 (1989).

**¶10**        "A person may be found guilty except insane if at the time of the commission of the criminal act the person was afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong."  A.R.S. § 13-502(A).  "Arizona defines the word 'wrong' in accordance with generally accepted moral standards of the community [, which] necessarily includes both legal and moral wrong."  *State v. Romero*, 248 Ariz. 601, 605, ¶ 16 (App. 2020) (quotation and citation omitted).  "[L]egal insanity is an affirmative defense," and a defendant must prove his or her "legal insanity by clear and convincing evidence." § 13-502(A), (C).

**¶11**        Three experts testified at trial as to Christensen's ability to appreciate the wrongfulness of his conduct underlying the charged offenses.  Dr. Schiff, a psychiatrist, diagnosed Christensen as having attention-deficit hyperactivity disorder and intermittent explosive disorder, an impulse control disorder.  Dr. Schiff testified that Christensen "knew what he was doing . . . was wrong . . . at the time regarding the allegations against him."  *See* A.R.S. § 13-502(A) (excluding "impulse control disorders" from mental diseases or defects that can support a GEI defense; *State v. Buot*, 232 Ariz. 432, 436, ¶ 19 (App. 2013) ("[O]ur legislature has expressly provided that an 'impulse control disorder[]' does not constitute a mental disease or defect sufficient to sustain an insanity finding.").  Similarly, Dr. Harvancik, a psychologist, opined that Christensen "knew what he did was wrong" as confirmed by test results that indicated Christensen "[w]as able to process information at a higher level."  In contrast, Dr. Katrina Buwalda, also a psychologist, diagnosed Christensen as having autism.  She testified that she "talked to [Christensen] a little bit about the crime" and opined that although Christensen knew at the time of trial that "what he did was wrong," she did not "think he thought it was wrong at the time."

**¶12**        Christensen argues the superior court improperly disregarded Dr. Buwalda's opinion, and he asserts the evidence otherwise established that he could not appreciate the wrongfulness of his conduct at the time he committed the offenses.  According to Christensen, Dr. Schiff's and Dr. Harvancik's evaluations were primarily focused on his current competency to stand trial, and Dr. Buwalda was the only expert to

specifically examine his mental state at the time of the offense. Thus, Christensen concludes that Dr. Buwalda was the only qualified expert on the issue of insanity. But by arguing that the court should have deferred to Dr. Buwalda's testimony given the type of evaluation she conducted, Christensen is essentially requesting that we reweigh the expert evidence. *See State v. Borquez*, 232 Ariz. 484, 487, ¶ 9 (App. 2013) (When evaluating claims of insufficient evidence, "[w]e do not reweigh the evidence to decide if we would reach the same conclusions as the trier of fact.") (quotation and citation omitted); *Zmich*, 160 Ariz. at 111 ("The fact that only one expert testified that the defendant was not . . . insane at the time of the crime while three experts claim he was . . . is not dispositive of this issue.").

**¶13**        Christensen also argues "[t]he evidence the trial court relied on in reaching a decision on the GEI defense was insufficient and amounted to an abuse of discretion." He points out that a fourth expert, Dr. Serena Gorguiero, should have conducted a Rule 11.8 evaluation, but the court failed to order a report from that expert. He also notes that the expert reports for the three testifying experts were not entered into evidence at trial.

**¶14**        Christensen, however, never objected to proceeding without Dr. Gorguiero's evaluation. GEI is an affirmative defense, and Christensen bore the burden of proof. § 13-502(A), (C). Further, it was Christensen's responsibility to ensure the expert reports were admitted at trial. The superior court did not err in ruling on the record before it.

**¶15**        Moreover, other evidence supports the superior court's rejection of Christensen's GEI defense. *See Zmich*, 160 Ariz. at 111 (trial court may consider evidence other than an expert's opinion to determine whether defendant "comes within the purview of [§ 13-502]"). During his police interview just after the incident, Christensen was "apologetic" and explained that he sometimes "gets urges" to hurt others like the victim here. The evidence established that Christensen "took off running" when M.B.'s mother confronted him and called police. Christensen later admitted during one of his psychological evaluations that he "tried to rape" the victim and "knew it was wrong." Christensen also admitted he had been "in trouble for this type of thing before and . . . usually gets off with a warning."

**¶16**        Based on this record, the superior court could properly conclude Christensen knew at the time he committed the offenses that "the criminal act was wrong." § 13-502(A). Accordingly, Christensen has not

shown that the court abused its discretion in rejecting Christensen's insanity defense.

### C. Sentencing

**¶17** Christensen argues that his presumptive 17-year sentence and lifetime probation "is greater than ought to be inflicted under the circumstances." Because no aggravating circumstances were shown, the maximum prison sentence the superior court could have imposed for the kidnapping conviction was the presumptive 17-year prison term actually imposed. Christensen asserts the court failed to afford "proper weight" to the mitigating factors he presented at sentencing.

**¶18** The superior court considered as mitigating factors Christensen's immaturity, mental health issues, and lack of criminal history. However, when weighed against the circumstances of the offenses, the court determined the presumptive prison sentence—as the maximum permissible based on the State's failure to allege aggravating factors—was appropriate.

**¶19** The weighing of mitigating factors is a matter for the trial judge's sound discretion. *State v. Harvey*, 193 Ariz. 472, 477, ¶ 24 (App. 1998); *see also State v. Long*, 207 Ariz. 140, 148, ¶ 41 (App. 2004) (holding the court must consider mitigating evidence but need not find the evidence mitigating). Christensen has not shown an abuse of discretion.

**¶20** Alternatively, Christensen requests we exercise our statutory authority to impose a less severe sentence. *See* A.R.S. § 13-4037(B) ("Upon an appeal . . . from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted."). On this record, however, Christensen has not shown that the presumptive prison term was excessive. We therefore deny Christensen's request for a more lenient sentence. *See State v. Linsner*, 105 Ariz. 488, 490 (1970) ("[T]he power to revise and reduce sentences imposed by the trial court should be used with great caution and exercised only when it clearly appears that a sentence is too severe.").

**CONCLUSION**

¶21      We affirm Christensen's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA