NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JONATHAN ANDREW ARIAS, *Petitioner*.

No. 1 CA-CR 22-0064 PRPC
FILED 9-1-2022

Petition for Review from the Superior Court in Maricopa County
No. CR1999-012663-002
The Honorable Patricia A. Starr, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Julie A. Done, Ellen Dahl
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade, Eleanor Knowles, Emily Wolkowicz
*Counsel for Petitioner*

Coppersmith Brockelman PLC, Phoenix
By Scott M. Bennett, Andrew T. Fox
*Counsel for Amicus Curiae Arizona Justice Project and Juvenile Law Center*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

---

**G A S S**, Vice Chief Judge:

¶1            Jonathan Andrew Arias petitions for review of the superior court's summary dismissal of his petition for post-conviction relief. We grant review and relief.

¶2            In 2001, Arias pled guilty to two counts of first-degree murder for offenses he committed when he was 16 years old. The superior court imposed two consecutive terms of natural life in prison without the possibility of release.

¶3            Following the United States Supreme Court opinion in *Miller v. Alabama*, 567 U.S. 460 (2012), Arias challenged the constitutionality of his natural life sentences through post-conviction relief. The superior court summarily dismissed the proceeding, finding *Miller* did not apply to Arias's natural life sentences because they were not mandatory and the sentencing judge considered his age as a mitigating factor. This court granted review of the dismissal but denied relief. *See State v. Arias*, 1 CA-CR 13-0548 PRPC, 2015 WL 2453175, at *1, ¶ 1 (Ariz. App. May 21, 2015) (mem. decision), *vacated sub nom. Arias v. Arizona*, 137 S. Ct. 370 (2016).

¶4            The United States Supreme Court vacated this court's decision and remanded for reconsideration based on its opinion in *Montgomery v. Louisiana*, 577 U.S. 190 (2016) declaring *Miller* retroactive. *See Arias v. Arizona*, 137 S. Ct. 370. On remand, this court requested supplemental briefing on the Arizona Supreme Court's opinion in *State v. Valencia*, 241 Ariz. 206 (2016), which set forth the standard in Arizona for resentencing under *Miller* and *Montgomery*. The State waived further briefing and stipulated the matter should be remanded to the superior court for resentencing. This court accepted the stipulation, granted relief, and remanded for resentencing.

¶5            Before Arias was resentenced, the United States Supreme Court issued *Jones v. Mississippi*, 141 S. Ct. 1307 (2021). Based on Jones, the State moved to withdraw its stipulation to resentencing, vacate

resentencing, and dismiss the post-conviction relief proceeding. The superior court granted the motion and summarily dismissed Arias's petition for post-conviction relief. In doing so, the superior court found *Jones* disavowed the *Valencia* court's application of *Miller* and *Montgomery*, the legal basis for the State's stipulation had changed, and the current law no longer required resentencing. Arias timely petitioned for review.

¶6        This court recently held *Jones* neither modified nor implicitly overruled the *Valencia* court's application of *Miller* and *Montgomery*. *State v. Wagner*, 253 Ariz. 201, 205, ¶¶ 20–21 (App. 2022). Because the procedural background and circumstances of *Wagner* closely parallel those here, that opinion is dispositive of this case. The State, therefore, remains bound by its previous stipulation to resentencing. *See Pulliam v. Pulliam*, 139 Ariz. 343, 345 (App. 1984) ("parties are bound by their stipulation unless relieved therefrom by the court").

¶7        We vacate the superior court's dismissal of Arias's petition for post-conviction relief and remand for resentencing in accordance with *Miller* and *Montgomery*.

